629 P.2d 657

**Wade S. CLARK, Claimant-Appellant,**

v.

**Jack SAGE and Vern McCalmont, dba Sage & McCalmont Logging Co., Employer, and State Insurance Fund, Surety, Defendants-Respondents.**

**No. 13464.**

Supreme Court of Idaho.

April 29, 1981.

Rehearing Denied June 15, 1981.

---

Nicholas M. Lamanna, Priest River, Thomas A. Mitchell, Coeur d'Alene, for claimant-appellant.

Glenn A. Coughlan, Boise, for defendants-respondents.

McFADDEN, Justice.

This appeal is the sequel to the case of *Clark v. Sage*, 95 Idaho 79, 502 P.2d 323 (1972). The facts initially giving rise to this appeal are set out and discussed with considerable particularity therein. The primary issue before the court in this appeal is whether the Industrial Commission erred in departing from its prior approval of a contingent fee agreement entered into between claimant-appellant Wade S. Clark and his former attorney in awarding Clark reasonable attorney fees payable from defendant-respondents Sage and McCalmont Logging Company and State Insurance Fund.

The relevant facts to this appeal are not in dispute.

On April 27, 1977, Mr. Nick Lamanna, claimant's new attorney of record as of May 28, 1976, filed an application for a hearing before the Industrial Commission concerning the question of the liability of claimant's employer and its surety for attorney fees incurred by the claimant in prosecuting his workmen's compensation claim. On May 11, 1977, a stipulation was entered into between the attorney for the claimant's former counsel and the claimant's present counsel, and was subsequently filed with the Industrial Commission on May 31, 1977. The stipulation was to the effect that a contingent fee agreement entered into between the claimant and his former counsel remains the contingent fee agreement between the two parties and also requested the Commission to approve the agreement and employ it in determining a reasonable attorney fee to be charged against the claimant's employer and its surety.

The contingent fee agreement, which has been of record with the Industrial Commission since September 8, 1970, called for compensation in a sum equal to 35% of the award received and receivable by the claimant. The pertinent language of the agreement is as follows:

"[T]he attorney accepted the representation, and on discussion with the claimant, agreed to the minimum fee by the Idaho Bar Association which is 35 per cent to 40 per cent, and claimant, on a copy of the Advisory Fee Schedule stated his agreement to such arrangement, subject to approval of the Industrial Accident Board, the same being dated April 9, 1970. A copy was sent to the Industrial Accident Board at the time the Board was first notified of attorney's representation for the claimant.

It becomes necessary to determine whether the fee arrangement will be 35 or 40 per cent, and the parties are agreed to 35 per cent."

On March 14, 1978, counsel for the claimant's former attorney by letter presented to the Industrial Commission a proposed order approving the contingent fee agreement entered into between the claimant and his former attorney. Without notice to the employer or its surety, on March 17, 1978, the Industrial Commission by way of ex parte order approved the contingent fee agreement:

"WADE S. CLARK, claimant, and . . ., his attorney, having on April 9, 1970, entered into a fee agreement subject to approval of the Industrial Accident Board, which said fee agreement was later ratified by both said parties, by 'AGREEMENT AS TO COMPENSATION AND REQUEST FOR APPROVAL' dated July 15, 1970, and the Industrial Commission having not, to date, acted upon that request for approval, and said request for approval appearing to be in order, now, therefore,

IT IS HEREBY ORDERED that the agreement as to compensation between WADE S. CLARK, claimant, and . . ., his attorney, in a sum equal to 35% of the total award received and receivable by claimant, be and the same is hereby approved as being a reasonable fee for services rendered by said attorney on behalf of said client."

The claimant's application for a hearing regarding an award of attorney fees was granted, and the matter was heard before the Industrial Commission on June 6, 1979. The attorneys for the claimant and his former counsel declined to introduce any evidence, apparently choosing to rely on the Commission's March 17, 1978 approval of the contingent fee agreement as a reasonable attorney fee. Counsel for the surety called only one witness, the claims examiner for the State Insurance Fund, who reviewed the sequence of events in the matter. At the conclusion of this testimony, the Commission requested that briefs be filed by the respective parties.

On August 13, 1979, the Industrial Commission filed its findings of fact, conclusions of law and award. The Commission concluded that an award of attorney fees would be proper in this case because the claim was contested by the employer's surety without reasonable grounds. The Commission found that the award should not be based on the fee agreement entered into between the claimant and his former counsel, even though they had previously approved the agreement. The rationale for this action is contained in finding of fact no. 4, which reads:

"The Advisory Fee Schedule of the Idaho State Bar was cancelled and withdrawn by the Board of Commissioners of the Bar in April, 1973. The Commission concludes that its approval of the fee agreement which was based upon the Advisory Fee Schedule was improper. The Commission concludes that it should not have used such a schedule upon which to base an award of attorney fees."

The Commission then found in its finding of fact no. 5, in pertinent part, that:

". . . those methods customarily used to determine the amount of the fees should be used in this case, primarily considering the time and effort involved. The Commission finds and concludes that the reasonable value of the services of the Claimant's attorney is $2,500.00 to be awarded in addition to attorney fees previously awarded on appeal."

On appeal, claimant's central contention is that the Industrial Commission erred in awarding him only $2,500.00 attorney fees payable from the employer and its surety, when the Commission had previously approved the fee agreement he had entered into with his former attorney as a reasonable attorney fee. Under the agreement, an award in conformity to its provisions would have been about $11,000.00. In the alternative, claimant asserts that the Commission's award of $2,500.00 as a reasonable attorney fee is not based on substantial, competent evidence, and must therefore be set aside and the matter remanded for further proceedings.

The employer and its surety do not dispute the Commission's finding that the surety acted unreasonably in denying the claim. Nor do they dispute the Commission's finding of an award of $2,500.00 as being a reasonable attorney fee in the matter. The employer and its surety, however, do disagree with the claimant's characterization of the effect to be given the Commission's prior approval of the fee agreement entered into between the claimant and his attorney.

The Idaho Workmen's Compensation Laws provide for the assessment of a claimant's attorney fees against the employer and his surety where they contest a claim without reasonable ground, or neglect or refuse to pay a compensable claim within a reasonable time. I.C. § 72–804 (formerly embodied in I.C. § 72–611). Where the Industrial Commission or a court so finds, an award of a fee becomes mandatory, the only restriction being that the amount awarded be a reasonable attorney fee. *Id.* The award is said to be compensatory, the underlying rationale being that the claimant should not have his benefits lessened by legal expenses incurred as a result of the employer's and his surety's unwarranted conduct in refusing or delaying compensation of an otherwise compensable claim. *Mayo v. Safeway Stores, Inc.,* 93 Idaho 161, 457 P.2d 400 (1969).

In *Mayo v. Safeway Stores, supra,* the court implicitly recognized the validity of

contingent fee agreements entered into between a claimant and his attorney, and held that where the then Industrial Accident Board had approved a contingent fee agreement whereby the claimant's attorney would receive 20% of the principal award and the employer and its surety had unreasonably refused to pay the claim, an award of attorney fees less than the amount due under the agreement constituted an abuse of discretion. 93 Idaho at 166, 457 P.2d at 405. In so holding, the court observed:

"The whole philosophy of the Workmen's Compensation Law is one aimed to secure a 'sure and certain relief for injured workmen and their families and dependents ....' I.C. § 62–102. This court has repeatedly stated that this law is to be liberally construed with a view to effect its objects and promote justice. *McNeil v. Panhandle Lbr. Co.*, 34 Idaho 773, 203 P. 1068 (1921); *McCall v. Potlatch Forests, Inc.*, 67 Idaho 415, 182 P.2d 156 (1947); *Rivera v. Johnston*, 71 Idaho 70, 225 P.2d 858 (1950); *Burch v. Potlatch Forests, Inc.*, 82 Idaho 323, 353 P.2d 1076 (1960). It is inconsistent for the board, finding that the surety was unreasonable in its denial of the claim, to approve as reasonable the agreement between claimant and her counsel regarding attorney's fees (I.C. § 62–702), and yet award a lesser amount as attorney's fees under I.C. § 72–611. In the situation in which an insurance company has unreasonably refused to recognize a claim, this court has authorized a reasonable attorney's fee and concluded that the attorney's fee was compensatory in nature. *Halliday v. Farmers Insurance Exchange*, 89 Idaho 293, 404 P.2d 634 (1965); see also *Rungee v. Allied Van Lines, Inc.*, 92 Idaho 718, 449 P.2d 378 (1968). If the award of attorney fees in an insurance case is compensatory, certainly under the Workmen's Compensation Law, awards of attorney fees in a proper case must likewise be deemed as compensation to the injured employee or survivors, and not as a penalty." *Id.*

Although the *Mayo* holding would appear to be controlling, it is inapposite to the instant case at this juncture. In *Mayo* the contingent fee agreement received the prior approval of the Industrial Commission, *i. e.*, the agreement reflected a reasonable attorney's fee; in the instant case such approval was withdrawn by the Commission. The Industrial Commission, in choosing to vacate its prior approval of the contingent fee agreement between the claimant and his former attorney, acted within its discretionary authority to reexamine the function of the cancelled advisory fee schedule as evidence of the reasonableness of the fee, even though the cancelling of the advisory fee schedule did not necessarily affect the consensual aspects of the fee agreement between the claimant and his former attorney. *See Goldfarb v. Virginia State Bar*, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975).

Nevertheless, the proposition still remains that where an employer and its surety have unreasonably refused to pay an otherwise compensable claim, an award of attorney fees from them "should not be less than the amount that would be found reasonable if agreed upon between the claimant and his attorney as a fee to be paid by claimant." 3 Larson on Workmen's Compensation Laws § 83.40, at 15–649 (1976) (relying on *Mayo v. Safeway Stores, Inc., supra* ). Given that the claimant and his former attorney entered into a contingent fee agreement, the Commission is under a duty to determine what would be a reasonable attorney fee on a contingency basis. This obligation necessarily arises from the fact that the intent of the claimant and his former attorney was for the attorney to be paid on a contingent fee basis.

In the instant case the Industrial Commission in its order concluded that "those methods customarily used to determine the amount of the fees should be used in this case, primarily considering the time and effort involved. The commission finds and concludes that the reasonable value of the services of the claimant's attorney is $2,500.00 ...." Although the Commission considered two relevant factors in determining the reasonable value of an attor-

ney's services (see discussion, *infra*) it is unclear on what basis, i.e., contingent or fixed, the Commission awarded attorney fees to the claimant. Thus, in order to effectuate the intent of the claimant and his attorney concerning the question of compensation, the award is reversed, and the cause remanded for further proceedings in accordance with the views expressed in the following portion of the opinion.

By definition, a contingent fee is both a contingency and a fee. Any time a fee is charged there exists the possibility of over-reaching by the attorney. To that extent, a contingent fee is like any other fee and is subject to the same standards of reasonableness as any other fee.[1] But a contingent fee also involves a risk factor. As one commentator has observed:

"The experience of the marketplace indicates that lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk. Ordinarily, when lawyers undertake a representation on a contingency basis, they bargain for a percentage of the recovery. That percentage is sufficiently high to compensate the lawyer not only for the reasonable value of the time he or she anticipates devoting to the particular lawsuit, but also for the time devoted to other lawsuits undertaken on the same basis but unsuccessful in result. Thus, in a rough and arbitrary way, the contingent percentage fee accounts for the risk of nonrecovery." Berger, "Court Awarded Attorneys' Fees: What is Reasonable?" 126 U. of Pa.L. Rev. 281, 324–325 (1977).

In determining a reasonable attorney fee on a contingency basis, the Industrial Commission must therefore engage in a balancing process. By no means exhaustive, the following factors have been held to be relevant for consideration by the courts and/or administrative agencies in determining a reasonable fee on a contingency basis: (1) the anticipated time and labor required to perform the legal services properly; (2) the novelty and difficulty of the legal issues involved in the matter; (3) the fees customarily charged for similar legal services; (4) the possible total recovery if successful; (5) the time limitations imposed by the client or circumstances of the case; (6) the nature and length of the attorney-client relationship; (7) the experience, skill and reputation of the attorney; (8) the ability of the client to pay for the legal services to be rendered; and (9) the risk of no recovery. *See Garden Hill Land Corp. v. Succession of Cambre*, 306 So.2d 718 (La.1975); *Krueger v. State Dept. of Highways*, 295 Minn. 514, 202 N.W.2d 873 (1972); *Murphy v. Mooresville Mills*, 132 N.J.Super. 197, 333 A.2d 273 (1975); *Longmire v. Hall*, 541 P.2d 276 (Okl. App.1975). Obviously, there is no precise way to quantify many of these factors, particularly since the Industrial Commission will be examining the matter at the conclusion of the claimant's prosecution of his claim and assessing the award of attorney fees from the vantage point of when the parties agreed to compensation on a contingency basis. And although the background and experience of the Commission in awarding attorney fees under I.C. § 72–804 should not be disregarded; the Commission

---

1. Disciplinary Rule 2–106 of the Idaho Code of Professional Responsibility prohibits a lawyer from charging a "clearly excessive fee" and enumerates several factors to be considered in determining whether a fee is excessive.

"1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
3. The fee customarily charged in the locality for similar legal services.

4. The amount involved and the results obtained.
5. The time limitations imposed by the client or by the circumstances.
6. The nature and length of the professional relationship with the client.
7. The experience, reputation, and ability of the lawyer or lawyers performing the services.
8. Whether the fee is fixed or contingent." *See also* I.R.C.P. 54(e)(3), which lists similar factors for consideration by the courts in awarding attorney fees in civil actions.

should have the benefit of appropriate evidence where the amount to be awarded, as in this case, is in dispute.[2]

The award is reversed and the cause remanded for further proceedings in accordance with the views expressed herein. Costs to appellants.

BAKES, C. J., DONALDSON and SHEPARD, JJ., and BEEBE, J. Pro Tem., concur.

---

**2.** It is not essential in every case that evidence must be submitted justifying the reasonableness of an attorney fee or an award thereof. In *Dykstra v. Dykstra*, 94 Idaho 797, 800, 498 P.2d 1270, 1273 (1972), this court observed:

"For too many years this court has required the introduction of *evidence* to sustain a finding and conclusion of the trial court that attorneys' fees are 'reasonable and necessary' in amount. *See*, e. g.: *Muckle v. Hill*,

32 Idaho 661, 187 P. 943 (1920). That theory does have validity in complex and difficult cases wherein large sums are sought for attorneys' fees for services performed outside the presence of the court. However, it has little relevancy in a case such as presented herein where the amount awarded is fairly supported by services rendered in the presence of the trial court or reflected by the files of the court."