*117 MR. CHIEF JUSTICE HASWELL,
concurring in part and dissenting in part:
I concur in the result reached by the majority in this case. I likewise agree that the award to claimant should be a net recovery with all attorney fees to be paid by the insurer and that the factors to be considered in awarding attorney fees are those set forth in Clark v. Sage et al. (1981), 102 Idaho 261, 629 P.2d 657.
My quarrel is with the holding of the majority that the adoption of a maximum contingent fee schedule by the Workers’ Compensation Division constitutes a determination by the Division that fees within the maximum are reasonable. I would hold that such maximum fee schedule constitutes a determination that any contingent fee exceeding the maximum in the schedule is unreasonable. Placing a lid on attorney fees does not constitute automatic approval of every contingent fee contract within the maximum. The Division rule itself makes this clear:
“The Division retains its authority to regulate the attorney fee amount in any workers’ compensation case even though the contract of employment fully complies with the rules set forth above.” 24-3.18(42)-5-18220(7), A.R.M.
This leaves the Workers’ Compensation Judge free to determine a reasonable attorney fee in an individual case by balancing the factors set forth in Clark v. Sage et al., supra.