691 P.2d 1205

Sotero R. LOPEZ, Claimant-Appellant,

v.

AMALGAMATED SUGAR COMPANY,
Defendant-Respondent.

No. 14730.

Supreme Court of Idaho.

Nov. 23, 1984.

Wayne P. Fuller, Caldwell, for claimant-appellant.

Steven Arthur Adamson, and Henry F. McQuade, Nampa, for defendant-respondent.

DONALDSON, Chief Justice.

Claimant was diagnosed as suffering from a low back strain after lifting a heavy barrel of trash at work. After a brief period of convalescence claimant returned to work, but still suffered considerable pain. After a second appointment with his doctor, he was ordered to stay home for a longer period of time. Claimant did not return to work and did not inform his employer that he was unable to work. When claimant attempted to return to work approximately one week later, he was informed by his employer that he had been discharged for not reporting to work. The initial report submitted by the doctor to the employer did not indicate that the claimant was disabled. Later reports submitted by the same doctor reported that the claimant had been injured and was restricted to light-duty work.

The Industrial Commission awarded workmen's compensation benefits for the period of total disability and for the claimant's permanent partial physical impairment. The Commission refused to award partial temporary income benefits under I.C. § 72–408(3) because claimant had been discharged for failure to keep his employer

informed of the reason for his absence. Claimant was also denied costs and attorney's fees incurred in pursuing this matter. The Commission concluded that the evidence reflected that the doctor's reports to the surety did not state the claimant was disabled until after the claimant had been discharged for an unexplained failure to return to work.

The Commission noted that attorney's fees under I.C. § 72–804 may be awarded if an employer contests a claim for compensation without reasonable grounds, or neglects or refuses within a reasonable time to pay compensation or, without reasonable grounds discontinues payment of compensation. The Commission concluded an award of attorney's fees and costs was not warranted because (1) the initial doctor's reports to the surety did not state the claimant was disabled; (2) the employee failed to provide his employer with a reason for his absence; and (3) the employer had paid a portion of claimant's medical expenses.

 Findings of fact made by the Industrial Commission are subject to limited appellate review. ID. CONST. art. 5, § 9; I.C. §§ 72–724, –732; *Gordon v. West*, 103 Idaho 100, 103, 645 P.2d 334, 337 (1982); *Curtis v. Shoshone County Sheriff's Office*, 102 Idaho 300, 303, 629 P.2d 696, 699 (1981). Our function is to determine whether the findings are supported by substantial, competent evidence. ID. CONST. art. 5, § 9; I.C. § 72–732(1); *Curtis, supra*, at 303, 629 P.2d at 699; *Hamby v. J.R. Simplot Co.*, 94 Idaho 794, 797, 498 P.2d 1267, 1270 (1972). Further, the decision that grounds exist for awarding a claimant attorney's fees is a factual determination which rests with the Industrial Commission. *Troutner v. Traffic Control Co.*, 97 Idaho 525, 528, 547 P.2d 1130, 1133 (1976). Having reviewed the record, we believe that the Commission's refusal to award attorney's fees is supported by substantial and competent evidence. The Commission works with these cases on a daily basis and they have both experience and expertise in the worker's compensation law, which this Court has regularly stated it will defer to.

*See Gordon v. West*, 103 Idaho 100, 645 P.2d 334; *Thom v. Callahan*, 97 Idaho 151, 540 P.2d 1330 (1975); *Dawson v. Hartwick*, 91 Idaho 561, 428 P.2d 480 (1967). The record supports the Commission's action, and we should defer to their administrative experience and expertise in these matters. Hence, it will not be overturned on appeal.

The orders of the Industrial Commission are affirmed. No costs awarded.

SHEPARD and BAKES, JJ., concur.

BISTLINE, Justice, dissenting, with whom HUNTLEY, Justice, concurs.

The issue on this appeal is not whether Mr. Lopez was wrongfully terminated from his position with Amalgamated for failure to notify them of his incapacity to work, but, whether Amalgamated neglected or refused within a reasonable time to pay Lopez the compensation provided by law or whether Amalgamated contested his claim for compensation without reasonable ground.

I.C. § 72–804 provides that:

"[I]f the Commission or any court before whom any proceedings are brought under this law determines that ... the employer ... neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee ... the compensation provided by law, ... the employer shall pay reasonable attorney fees in addition to the compensation provided by this law."

It is undisputed that Amalgamated was notified as of *February 20, 1981*, that Lopez had been totally disabled from work from the time of the accident until his release on February 24, 1981, yet Amalgamated refused to pay Lopez the total temporary disability benefits for this time period found by the Commission to equal $926.28 despite the fact that it did not contest his entitlement to or the amount of the award at the hearing. It is similarly undisputed that Amalgamated was informed as of *July 31, 1981*, that Lopez had been given a medical impairment rating of 2½ percent as compared to the loss of the

whole person by Dr. Schneider. Amalgamated refused to pay the amount of medical impairment even though it did not contest this rating at the Commission hearing held some six months later or the fact that Lopez had been medically impaired. The Commission determined that Lopez was entitled to an award of permanent partial disability of $1,512.50 based on this 2½ percent impairment rating. Thus, regardless of whether Amalgamated had been notified that Lopez was disabled at the time they dismissed him, it was still on notice that he had been temporarily totally disabled and that he had received a permanent physical impairment as a result of the accident. Amalgamated did not, however, attempt to pay him one penny for his loss prior to the hearing. Thus, the commission erred in failing to apply the standard of whether the employer "neglected or refused within a reasonable time ... to pay to the injured employee ... the compensation provided by law," under I.C. § 72–804.

The Commission in its order denying attorney's fees also stated that Amalgamated "paid a portion of the claimant's medical expenses." R., p. 19. A claimant is entitled to have *all* of his reasonable medical expenses paid by the employer or its surety.[1] Amalgamated's action in paying just over half of Lopez' medical expenses owed to Dr. Gneutchel when these expenses were at no time claimed to have been unreasonably incurred as a matter of law constitutes failure to pay within a reasonable time the benefits to which Lopez was entitled.

I.C. § 72–804 provides that attorney's fees *shall* be awarded if the employer "contested a claim for compensation ... without reasonable ground." What did Amalgamated do? On July 21, 1981, in its answer to application for hearing it denied that the accident actually occurred; it denied that the personal injury was caused by an accident arising out of and in the course of the claimant's employment; it denied that the claimant was temporarily disabled and that he was permanently disabled. At

the time Amalgamated filed this answer, what had it done? It had already paid part of Lopez' orthopedic bills resulting from the accident. It had agreed to a second consultation by Dr. Schneider. Thus, notwithstanding that Amalgamated knew no basis for denying coverage in its answer, it did so anyway. And for what reason? None suggests itself other than to better its bargaining position with its own employee, the doing of which by a surety I do not remember. And, when the claim came on for hearing, Amalgamated offered no contest on the issue of coverage. Several months before the answer was filed, Amalgamated had been notified that Lopez had been in fact totally temporarily disabled. This fact similarly was not contested at the hearing. Nine days after Amalgamated filed its answer it was notified by Dr. Schneider that he had given Lopez a 2½ percent permanent medical impairment rating. Not contested at the hearing was the fact that Lopez was in fact medically impaired or that he should be compensated on the basis of the 2½ percent medical impairment rating. The only issues contested by Amalgamated in its limited cross-examination of Sotero Lopez was its liability for Lopez' chiropractic bills, and whether it was liable for partial disability benefits after February 24 (the date of release by Dr. Gneutchel to light duty work) because Lopez had been receiving unemployment benefits. Thus, Amalgamated is seen as having clearly refused to compensate Lopez for his total temporary disability and his permanent medical impairment even though it did not later contest these issues at the Commission hearing.

The Commission in turn awarded Lopez the benefits to which he was entitled, which is to its credit, but only after Lopez had been forced to hire an attorney, pay a contingent fee, and wait a long period of time between his entitlement to benefits and the actual payment by Amalgamated. Such behavior on the part of Amalgamated requires this Court as a matter of law to hold that Amalgamated "contested a claim

---

**1.** I.C. § 72–432(1) provides that "The employer shall provide for an injured employee such reasonable medical ... treatment ... as may be required or requested by the employee immediately after an injury ... and for a reasonable time thereafter."

for compensation made by [Lopez] ... without reasonable ground" and thus must be assessed Lopez' attorney's fees. As this Court stated in *Clark v. Sage*, 102 Idaho 261, 163, 629 P.2d 657 (1981):

"[T]he claimant should not have his benefits lessened by legal expenses incurred as a result of the employer's and his surety's unwarranted conduct in refusing or delaying compensation of an otherwise compensable claim."