793 P.2d 192

**Richard BOYD, Claimant–Respondent,**

v.

**POTLATCH CORPORATION, Employer,**

and

**Workers' Compensation Exchange, Surety, Defendants–Appellants.**

No. 18018.

Supreme Court of Idaho.

May 22, 1990.

Clements, Brown & McNichols, Lewiston, for defendants-appellants. Michael E. McNichols argued.

Goicoechea Law Office, Lewiston, for claimant-respondent. Richard G. Whitehead argued.

BISTLINE, Justice.

This case requires us to determine the meaning of "manifestation" for purposes of the notice requirement of Idaho Code § 72–448.

Richard Boyd began working in Potlatch's lumber production facility in the fall of 1984. On October 31 of that year Boyd went to Dr. Mannschreck, an allergist and immunologist, complaining that his pre-existing asthma problems were becoming worse. Cedar dust at the Potlatch facility was one of the allergens Dr. Mannschreck suspected could be causing Boyd's respiratory problems. On February 26, 1985, Dr. Mannschreck advised Boyd to seek employment that did not involve contact with cedar dust, and on March 11, 1985, Dr. Mannschreck referred Boyd for vocational counseling. Boyd informed Potlatch's company doctor, Dr. Feeley, on February 11, 1985, and again on March 11, 1985, that Dr. Mannschreck had recommended that Boyd avoid cedar dust as much as possible. On June 10, 1985, Boyd reacted positively to a cedar dust challenge test. Written notice of the results of the test were sent to Potlatch on June 13, 1985. The company then called a meeting between union representatives and company officials to explain the need to remove Boyd from the cedar dust environment. Boyd was transferred to a job in the pulp and paper processing part of the plant, but eventually terminated his employment due to his continued respiratory problems.

Boyd filed a notice of injury and claim for benefits on March 25, 1986, and an application for hearing on December 29, 1986. The Commission held a hearing lim-

ited to the issue of whether Boyd's notice and claim were timely. Potlatch and its surety appeal from the Commission's holding that Boyd's disease was not manifest until the positive cedar challenge test of June 10, 1985, and that therefore both notice and claim were timely.

Idaho Code § 72–448(1) provides:

Except in cases of silicosis for which notice of contraction and claim for compensation may be given at any time within the four (4) year limitation provided in section 72–439, Idaho Code, unless written notice of the manifestation of an occupational disease shall be given by the employee to the employer within sixty (60) days after the first manifestation thereof, and within five (5) months after the employment has ceased in which it is claimed the disease was contracted, and, in case of death, unless written notice of such death be given within ninety (90) days after the occurrence and unless claim for disability or death shall be made within one (1) year after manifestation of the disease or death respectively, all rights to compensation for disability or death from injury due to an occupational disease shall be forever barred.

The legislature has not defined the term manifestation in the context of workers' compensation. In the absence of such a definition, "[w]here the provisions of the statute are plain and unambiguous the words used must be given their common and ordinarily understood meaning." *Florek v. Sparks Flying Service, Inc.*, 83 Idaho 160, 164, 359 P.2d 511, 512 (1961). The American Heritage Dictionary defines manifestation as: "1.a. The act of manifesting or the state of being manifested. b. The demonstration of the existence, reality, or presence of a person, object, or quality...." The same dictionary defines manifest as: "1. To show or demonstrate plainly; reveal.... 2. To be evidence of; prove." *American Heritage Dictionary* 794 (New College Ed.1976).

The Commission applied this common meaning of manifestation, along with our holding in *Miller v. Amalgamated Sugar Co.*, 105 Idaho 725, 672 P.2d 1055 (1983), that a disease is not manifest until the employee has been informed by competent medical authority of the nature and work-related cause of the disease, to the facts of Boyd's case, and concluded that "it was not until [Boyd] received the results of the cedar challenge test on June 11, 1985, that his condition was first manifested...." R. at 15. On appeal Potlatch has argued that Boyd's condition was first manifested when Dr. Mannschreck suggested that Boyd seek employment that did not involve cedar dust. We are readily persuaded to agree with the Commission.

The Commission's findings of fact, which we cannot disturb on appeal unless we find that they are not supported by substantial competent evidence, *Lopez v. Amalgamated Sugar Co.*, 107 Idaho 590, 691 P.2d 1205 (1984), state that "although both [Dr. Mannschreck] and Claimant suspected cedar was an allergen as early as October 31, 1984, other allergens were also suspected." R. at 12. Clearly, Boyd had *symptoms* of a *lung ailment* long before he sought workers' compensation benefits. However, the *cause* of that lung ailment was not known to either the doctor or Boyd at that time—a number of different causes were suspected, most of which were not related to Boyd's work for Potlatch. Boyd did not know of the *work-related* nature of his disease until the cedar dust challenge "demonstrate[d] plainly" that he was allergic to cedar dust and that fact was communicated to him by Dr. Mannschreck. We therefore hold that *for purposes of the notice and filing requirements* of I.C. § 72–448, a disease is not manifest until its cause has been clearly identified by competent medical authority as related to the employee's work and that information has been communicated to the employee.[1]

1. The appellants assert that such a holding would change the standard of proof in workers' compensation cases from one of reasonable medical certainty to one of proof. Such is not the case. The question in this case relates only to the notice and filing requirements of I.C. § 72–448. Once a claim is properly before the Commission, the claimant will still be required

962

This holding is in accord with the purpose of the Workers' Compensation Law, which is intended "to get away from cumbersome procedures and technicalities of pleading so that, to the greatest extent possible, claims for compensation can be decided on their merits." *Hattenburg v. Blanks*, 98 Idaho 485, 567 P.2d 829, 830 (1977). Our holding in this case is also in line with the decisions of courts in other jurisdictions interpreting statutes involving the term "manifestation" or other similar provisions. *See, e.g., Jackson v. General Refractories Co.*, 581 S.W.2d 10 (Ky.1979) (disease not manifest when employee left work because he could no longer tolerate the dust but rather when employee was informed by doctor that he had contracted occupational disease of silicosis); *May v. Shuford Mills, Inc.*, 64 N.C.App. 276, 307 S.E.2d 372 (1983) (time limits for notice and filing did not begin to run when employee was told to "get out of the dust if he wanted to live longer;" limits began to run when employee was informed that he had byssinosis caused by his work environment); *Travelers Ins. Co. v. Miller*, 390 S.W.2d 284 (Tex.Civ.App.1965) ("manifestation must be distinct to the claimant, reasonably sufficient to cause him to believe that he has an occupational disease").

Since Potlatch was notified of the manifestation of Boyd's cedar allergy well within the time limits set by the statute for such notification, and Boyd's claim for benefits was filed within one year of the manifestation, he is entitled to a hearing before the Commission on the substance of his claim. The decision of the Industrial Commission is affirmed. Costs to respondent; no attorney fees on appeal.

JOHNSON, J., and TOWLES, J. Pro Tem., concur.

BOYLE, J., concurs in the result.

BAKES, Chief Justice, concurring specially:

I concur with the majority's conclusion that the Industrial Commission did not err in concluding that, on the facts of this case, the claimant's apparent work-induced cedar dust allergy was not "manifest" until the claimant received the results of the cedar dust challenge test on June 11, 1985. Given this employee's prior allergic respiratory problems, the Commission concluded that until he received the results of the cedar dust challenge test the claimant was uncertain as to the precise cause of his respiratory problems. However, absent the prior allergic respiratory problems, the Commission might well have concluded otherwise in this case. Therefore, I believe the Court goes too far when it states "that for purposes of the notice and filing requirements of I.C. § 72–448, a disease is not manifest until its cause has been clearly identified by competent medical authority as related to the employee's work and that information has been communicated to the employee." *Ante* at 961, 793 P.2d at 193. A more appropriate test, and a test which would be consistent with the several definitions of "manifest" cited by the majority in its opinion, *ante* at 961, 793 P.2d at 193, should be that if a worker reasonably should have known that his occupation is causing or has caused an occupational disease, then it is manifest. Under the majority's definition, if the claimant never sees a "competent medical authority" then the time prescribed by the legislature in I.C. § 72–448 would never begin to run. The majority's definition violates the intent of I.C. § 72–448.

to prove to a reasonable degree of medical certainty that he or she is suffering from a compensable disease.