**In the Matter of the Worker's Compensation Claim of Alice I. OLHEISER, surviving spouse of Louis S. Olheiser, deceased, Petitioner,**

v.

**STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Respondent.**

No. 93–113.

Supreme Court of Wyoming.

Jan. 12, 1994.

Mark J. White and Jill E. Kucera, argued, of White & White, Riverton, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Kenneth E. Spurrier, Asst. Atty. Gen., argued, and Thomas C. Bancroft, Sp. Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

The district court has certified two questions for our consideration. They concern the interpretation of the statute of limitations for worker's compensation claims for injuries which occur over a substantial period of time. The questions are:

Does Wyoming Statute Section 27–14–503(b), 1991, provide that a Claimant may bring an action arising from an injury caused by ionizing radiation at any time after the last injury from ionizing radiation occurs?

Where a diagnosis of ionizing radiation injury has been communicated to an employee, does Wyoming Statute Section 27–14–503(b), 1991, provide that a claim must be filed within one year of the date that the diagnosis was communicated to the employee?

We rephrase the second question to state:

Does the word "discovery" as it appears in W.S. 27–14–503(b) mean when a claimant knew or had reason to know the injury was related to employment?

This question is implied in the second certified question and both parties addressed it in their briefs and in oral argument within the context of that question. The rephrased

question more accurately reflects what the dispute in this case concerns. Therefore, in the interest of clarity, we answer the second question as we have modified it. *Schneider Nat'l, Inc. v. Holland Hitch Co.,* 843 P.2d 561, 580 (Wyo.1992).

## FACTS

Louis Olheiser (Mr. Olheiser) worked for Continental Uranium as an underground uranium miner from 1958 to 1968. From 1968 until his death, Mr. Olheiser was self employed, operating his own drilling company. In September of 1987 he was diagnosed with lung cancer. Treatment was unsuccessful; and on January 26, 1988, he died. Before he died, on November 28, 1987, Mr. Olheiser filed a report of injury with the Wyoming Worker's Compensation Division (Division). The Division objected to the payment of any claims on February 11, 1988. Alice Olheiser (Mrs. Olheiser), the decedent's wife, received notice of the objection; but she did not respond to it.

Sometime in late 1990, Mrs. Olheiser read an article about the Radon Exposure Act and realized that her husband's death may have been the result of ionizing radiation caused by his employment as a uranium miner. She consulted with an attorney; and on September 13, 1990, she filed a claim for death benefits with the Division.

A hearing officer heard the case on cross-motions for summary judgment. The hearing officer subsequently granted summary judgment in favor of the Division. He found that Mrs. Olheiser's claim was barred by the applicable statute of limitations, W.S. 27–14–503(b).

Mrs. Olheiser appealed that decision to the District Court for Fremont County. The district court judge found that this court had not previously interpreted W.S. 27–14–503(b), and the questions were certified to us for review.

## STANDARD OF REVIEW

The certified questions require us to interpret the language of a statute. We have interpreted statutes on innumerable occasions, so our standard is well established.

First, we determine if the statute is ambiguous by looking at the plain and ordinary meaning of the words contained therein. *Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n,* 845 P.2d 1040, 1042–43 (Wyo. 1993).

A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistence and predictability. * * * [A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations. * * * [W]hether an ambiguity exists in a statute is a matter of law to be determined by the court."

*Parker Land & Cattle Co.* at 1043 (quoting *Allied–Signal, Inc. v. Wyo. State Bd. of Equalization,* 813 P.2d 214, 219–20 (Wyo. 1991)).

If we find the statute is ambiguous, we will resort to extrinsic aids, such as legislative history or intent. *Id.* at 1044. Though this court is the ultimate arbiter of the meaning of a statute, we will give some deference to an interpretation of that statute by the agency charged with its execution unless its interpretation is clearly erroneous. *General Chemical Corp. v. Wyo. State Bd. of Equalization,* 819 P.2d 418, 422 (Wyo.1991); *State ex rel. Wyo. Worker's Compensation Div. v. Mahoney,* 798 P.2d 836, 838 (Wyo.1990).

We read a statute so that every word, clause and sentence is given effect so, if possible, no part of the statute is rendered inoperative or superfluous. *State Bd. of Equalization v. Cheyenne Newspapers, Inc.,* 611 P.2d 805, 809 (Wyo.1980). In construing the statute, our main objective is to effectuate the intent of the legislature. *Moncrief v. Harvey,* 816 P.2d 97, 105 (Wyo.1991).

## DISCUSSION

The statute we must interpret is W.S. 27–14–503(b) (1991) which provides in relevant part:

The right of compensation for an injury which occurs over a substantial period of time is barred unless a claim for benefits is filed within one (1) year after a diagnosis of injury is first communicated to the em-

ployee, or within three (3) years from the date of last injurious exposure to the condition causing the injury, whichever occurs last, excluding injury caused by ionizing radiation to which the three (3) year limitation does not apply. If death results from ionizing radiation within either of these periods, a claim shall be filed within one (1) year after the date of discovery.

This is the first time this court has been called upon to interpret this section of the statute.

We first examine the statute to ascertain whether it is ambiguous. The statute begins by stating that it applies to injuries which occur over a long period of time. It then sets out two time periods in which a claim must be brought or it will be barred. A claim must be filed within one year after a diagnosis of injury has been communicated to the employee or within three years of the date of last injurious exposure, whichever occurs last. The final portion of the sentence states that the three-year time period does not apply to injuries which are the result of ionizing radiation. Thus, the first time period specified for filing a claim for injuries from ionizing radiation is within one year of communication of the diagnosis to the employee. The language for the first time period of W.S. 27–14–503(b) is plain and unambiguous.

■ The first certified question asks whether W.S. 27–14–503(b) allows a claimant to bring an action alleging an injury caused by ionizing radiation at *any* time after the last injury from the radiation occurs. If a claimant could bring a claim at *any* time, then 27–14–503(b) would be meaningless. Section 503(b) is a statute of limitations and imposes a time limit for the filing of claims which allege an injury from ionizing radiation. The statute provides that a claim is barred if it is not brought within one year after it is communicated to an employee or, if the employee has died, within one year of discovery of the injury. Therefore, a claim cannot be brought at any time after the last injury from ionizing radiation occurs, and the answer to the first certified question is "NO."

The language of the statute pertaining to the second certified question is ambiguous for two reasons. The first ambiguity results from the phrase "within either of these periods" which makes absolutely no sense in this context. The only periods it could be referring to are the preceding one and three-year period. However, as we pointed out, the three-year period does not apply to ionizing radiation injuries. The problem appears to have arisen out of several amendments to the statute. In 1969, when the statute was first enacted, there were two filing periods applicable to occupational diseases in general. There were also two different time periods for ionizing radiation injuries. Furthermore, the "if death results" clause applied to all occupational diseases, not just ionizing radiation injuries. *See* 1969 Wyo.Sess.Laws, ch. 200, § 9. In 1971, the statute was amended to eliminate the two separate filing periods for ionizing radiation injuries. 1971 Wyo. Sess.Laws, ch. 195, § 7. And in 1975, the statute was amended to make the "if death results" clause applicable to ionizing radiation claims only. 1975 Wyo.Sess.Laws, ch. 149, § 1. By amending the statute in a piecemeal fashion without changing the phrase "within either of these periods," we are left with a statute that is without question ambiguous.

The second ambiguity is the meaning of "discovery," which is not defined in the worker's compensation statutes. Mrs. Olheiser asserts that it means when a claimant learned the injury was compensable. According to Mrs. Olheiser, that occurs when a claimant learns of the connection between the injury and her husband's employment from competent medical authority. ·*See Boyd v. Potlatch Corp.*, 117 Idaho 960, 793 P.2d 192 (1990). Mrs. Olheiser claims that, at the earliest, she did not "discover" the connection until she read the article and, therefore, she filed her claim within the one-year period.

The Division claims that "discovery" means when a person knew of the connection or they had reason to know of it. The Division contends that when Mrs. Olheiser received the objection to her husband's claim on February 11, 1988, she had constructive notice of the connection. The Division contends a reasonable person would have inves-

tigated at that point and they would have discovered the possible connection. According to the Division's theory, Mrs. Olheiser had reason to know of the connection at that time; and if she had exercised due diligence, she would have learned of it then. Therefore, the statute began to run at that point, and her claim is now barred.

Since we find the meaning of "discovery" in W.S. 27–14–503(b) to be ambiguous, we look to extrinsic aids to assist us in determining its meaning. We begin by looking at our recent decision in *Aanenson v. State ex rel. Wyo. Worker's Compensation Div.*, 842 P.2d 1077 (Wyo.1992). In that case we looked at the statute of limitations for injuries which result from a single occurrence, W.S. 27–12–503(a) (1977).[1] The statute provided in part:

> [no award of compensation is provided unless] an application or claim for award is filed * * * within one (1) year after the day on which the injury occurred or *for injuries not readily apparent, within one (1) year after* <u>*discovery*</u> *of the injury by the employee.*

(emphasis added). We held that an injury becomes compensable when a reasonable person, under the circumstances, would have understood the full extent and nature of their injury and that the injury was related to his or her employment. *Id.* at 1082. The statute of limitations begins to run when that date is fixed. *Id.*

We noted in *Aanenson* that our prior case law indicated that the date could be when the injury was diagnosed by competent medical authority, *see Big Horn Coal Co. v. Wartensleben*, 502 P.2d 187 (Wyo.1972); *Baldwin v. Scullion*, 50 Wyo. 508, 62 P.2d 531, 108 A.L.R. 304 (1936), or the date could be when the injury occurred, *see Claim of Grindle*, 722 P.2d 166 (Wyo.1986). *Aanenson*, at 1082.

As *Aanenson* and our prior cases make clear, the term "discovery" in 503(a) contains both subjective and objective elements. Obviously, if the injury is apparent and a person knows it is work related, then the time to file begins to run at that point. If, however, the injury is not readily apparent, then the time begins to run when a reasonable person,

under those circumstances, would have decided an injury had occurred and discerned a connection between the injury and his employment.

This brings us to W.S. 27–14–503(b), which applies to injuries which occur over a substantial period of time. Injuries covered by 503(b) are analogous to the single occurrence injuries which are "not readily apparent" covered by 503(a). Both sections cover injuries which are difficult to immediately discern, and the legislature addressed that difficulty by providing the time to file a claim as a time period from either the date of injury and the employment relationship or from the date of "discovery" of same. The only reasonable interpretation of the statute is that the legislature intended "discovery" to mean the same as applied to single injury occurrences.

■ We hold, therefore, that "discovery" in W.S. 27–14–503(b) occurs when a reasonable person, under the circumstances, knew or should have known that the deceased's injury was related to his or her employment. *Aanenson*, at 1082. The statute of limitations begins to run on that date. *Id.*

We are comfortable with the holding in this case, which is supported by law from other jurisdictions. For example, the definition of "discovery" is similar to the language found in Idaho's statute:

> **Limitation of action for ionizing radiation injuries.**—No action or proceeding may be brought to recover for an ionizing radiation injury more than three (3) years after the person suffering such injury had knowledge or ought reasonably to have had knowledge of having suffered the injury and of the cause thereof, but in no event more than thirty (30) years from the date of the last occurrence to which the injury is attributed.

Idaho Code § 5–243 (1990). Several other states have parallel statutes: *See* Del.Code Ann. tit. 19, § 2361(c) (1985); Kan.Stat.Ann. § 60–513b (1983); Pa.Stat.Ann. tit. 77, § 602 (1992); S.C.Code Ann. § 42–13–60 (1985); Vt.Stat.Ann. tit. 12, § 518 (1973 & Cum. Supp.1993). This definition of "discovery" is

---

1. Recodified as 27–14–503(a).

also used to determine when a tort cause of action accrues. *See Mills v. Garlow,* 768 P.2d 554, 555 (Wyo.1989).

■ The Division has suggested that a claimant is required to use due diligence in pursuing his claim. We agree. Due diligence is defined as:

> Such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.

Black's Law Dictionary (6th ed, 1990). Due diligence is implied in the phrase "a reasonable person under the circumstances." If a person fails to exercise due diligence in the pursuit of their claim, then they have failed to act as a reasonable person under the circumstances and their claim will be barred if the one-year time limit has expired.

Finally, there is some discussion in the briefs about the meaning of "diagnosis" in the first sentence of 503(b). By its terms the clause "[i]f death results" applies to this case because it is an action for death benefits. Thus the key to this claim was "discovery" not "diagnosis," which refers only to the employee. Of course, whether a diagnosis was communicated to an employee or to others may be a factor in determining if the claim-

ant knew or a reasonable person would have known of the relationship between the injury and the employment. Nevertheless, we do not here address the meaning of "diagnosis" because it is unnecessary to the disposition of this case.

## CONCLUSION

We answer the first certified question: "NO." Wyoming Statute 27–14–503(b) does not permit an ionization radiation action to be brought at *any* time, but unambiguously requires an action to be brought within a time period certain.

We answer the second question, as modified: "YES." An injury is discovered when a claimant has knowledge or when a reasonable person, under the circumstances, should have knowledge that the decedent's injuries were related to his or her employment. This necessarily implies a duty of due diligence on the part of the claimant in pursuing a claim.

Remanded to the district court for further proceedings consistent with this opinion.