280 So.2d 582 (1973)
Lois Jean DOBBINS, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 4234.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1973.
Raleigh Newman, Lake Charles, for plaintiff-appellant.
Stafford, Pitts & Stafford, by John L. Pitts, Alexandria, for defendant-appellee.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
*583 MILLER, Judge.
Plaintiff Lois Jean Dobbins appeals from the award of workmen's compensation benefits for only nine days. She seeks compensation for two months disability together with penalties and attorney's fees. We find no manifest error in the award of benefits for nine days, but award penalties and attorney's fees.
Plaintiff was employed by a canning company insured by defendant Liberty Mutual Insurance Company. On September 23, 1970, her fourth day at work, she cut the index finger of her left hand with a knife. She did not notice the wound until she saw blood flowing from her finger. She was then taken to the company physician who sutured the ¾ inch long superficial wound. A tentanus shot was administered but no medication was prescribed for pain. The treating physician saw plaintiff on September 28th and dressed the wound with three band-aids. On October 2, 1970 he removed the seven stitches and estimated her disability as seven to ten days from that date. The healing was uneventful. Plaintiff did not return to the treating physician for further treatment and did not try to return to her former employment.
Plaintiff continued to live with her parents near the employer's plant for a month after she was discharged by the treating physician. She then moved to Beaumont to live with a sister. On July 9, 1971 she sought medical treatment from Dr. E. A. Skarke, physician and surgeon of Beaumont, Texas. Dr. Skarke could find no objective signs of disability, but based on her history and subjective complaints he estimated that she had been disabled for a period of two and a half months after the accident. Dr. Skarke prescribed oral medication for plaintiff but she did not purchase the medication. Dr. Skarke saw plaintiff for the second and final time on August 23, 1971 and found no objective symptoms.
The trial judge looked at the injured finger and found it soft and pliable. He could not see a scar. He accepted the treating physician's testimony and, in effect, rejected plaintiff's complaints of substantial pain and suffering related to the superficial wound. The record supports the trial court's finding that plaintiff was able to return to work on October 10, 1970.
Plaintiff was therefore entitled to $41.60 per week as workmen's compensation from September 30, 1970 through October 9, 1970. The first week of disability is excluded under the provisions of LSA-R.S. 23:1224.
No benefits were paid by Liberty Mutual through the date of trial. Liberty Mutual paid the treating physician on October 29, 1970. On December 9, 1970, the treating physician reported to Liberty Mutual that he sutured and dressed plaintiff's index finger of her left hand on September 23, redressed the wound on September 28 and removed the sutures on October 2, 1970. He estimated disability to last from seven to ten days with no permanent disability
Penalties and attorney's fees were denied on finding that plaintiff made no demands prior to filing suit. Exhibit P-3 is a letter from Liberty Mutual addressed to plaintiff's counsel acknowledging his letter of June 9 concerning plaintiff's accident while employed by Liberty Mutual's named insured. Liberty Mutual's letter of June 14, 1971 expressly rejected workmen's compensation benefits. Suit was filed on September 21, 1971.
Plaintiff's demand for workmen's compensation benefits was established by this letter. The treating physician's report in Liberty Mutual's file when the claim was denied, established that sutures were not removed from plaintiff's finger until the ninth day following the accident. There is no evidence to indicate that Liberty Mutual had a reasonable basis for denying the small amount of workmen's compensation benefits due to plaintiff. Rather *584 than pay the small claim, Liberty Mutual elected to steadfastly deny and vigorously defend the claim. Their response to plaintiff's demand letter was arbitrary and requires the assessment of penalties and attorney's fees. LSA-R.S. 22:658.
Plaintiff seeks $3,000 as attorney's fees. Her attorney resides in Lake Charles; a medical deposition was taken in Beaumont, Texas; plaintiff's discovery deposition was taken in Alexandria; and the case was tried in Marksville and argued on appeal in Lake Charles.
Plaintiff persuasively argues that the small amount of compensation benefits at issue in this case should not reduce the attorney's fee; that if an insurer can arbitrarily resist payment and force a worker to incur substantial expense before her just but small disability benefits are paid, the worker would have a difficult time interesting counsel to represent her.
The penalty fee is fixed and determined upon the basis of the attorney's skill and the amount of work performed by him in the prosecution and collection of the claim. Cain v. Employers Casualty Company, 236 La. 1085, 110 So.2d 108, 111 (1959).
We cannot disregard the small amount at issue in this case which would support only a minimal fee. The other factors support a substantial fee. We find that an award of $1,000 for the attorney's fee is appropriate.
The trial court judgment is affirmed as to the award of workmen's compensation benefits of $41.60 per week from September 30, 1970 through October 9, 1970. The judgment denying penalties and attorney's fees is reversed and set aside. It is now ordered that there be judgment in favor of plaintiff Lois Jean Dobbins, and against defendant Liberty Mutual Insurance Company, awarding a penalty of 12 percent of the above award, together with an attorney's fee payable to plaintiff in the sum of $1,000. All costs are to be paid by defendant Liberty Mutual Insurance Company.
Affirmed in part; in part reversed and rendered.