684 P.2d 990

**Betty HOGABOOM, Claimant-Appellant,**

v.

**ECONOMY MATTRESS, Employer, and Maryland Casualty Company, Surety, Defendants-Respondents.**

**No. 14963.**

Supreme Court of Idaho.

July 16, 1984.

---

**14**

Jerry Goicoechea, Boise, for claimant-appellant.

Joseph D. McCollum, Jr., Boise, for defendants-respondents.

BISTLINE, Justice.

The facts of this case are not in dispute. Claimant, Betty Hogaboom, was employed as a seamstress by defendant, Economy Mattress. On June 11, 1981, while at work, Claimant took a break to go to the restroom. Her access to the restroom was blocked by a pile of foam. Claimant got up on a chair and attempted to jump over the foam. In the process, Claimant injured her back. As a result of the injury, Claimant lost four weeks and two days from work, and incurred approximately $950 in medical bills. The employer's surety, Maryland Casualty Company, denied that the injury was compensable under worker's compensation and refused to pay any benefits.

A hearing on the matter was held before the Industrial Commission on July 2, 1982. In an order dated September 16, 1982, the Commission concluded that the injury was compensable and that defendant surety unreasonably denied the claim. The Commission found that "[t]he Claimant has not received any compensation benefits from the Employer and would not receive any benefits but for having engaged counsel." R., pp. 8–9. The order further provided ". . . that the Defendants are liable for Claimant's reasonable attorney fees in this matter. Claimant's counsel is ordered to submit an *affidavit of services rendered* so the Commission can set the appropriate amount of attorney fees." R., p. 9 (emphasis added). Neither party has appealed that ruling.

Subsequently, Claimant's attorney submitted an affidavit itemizing 46.75 hours of work on the case which, when billed at the reasonable rate of $70 per hour, totaled the sum of $3,272.50. R., pp. 11–15. An affidavit and brief in response were filed by defendants and Claimant filed a reply. The Commission then requested further information regarding the attorney/client fee agreement. Claimant filed an affidavit and copy of the fee agreement with the relevant portion of the agreement PROVIDING as follows:

"If a law suit is instituted, 33⅓% of any amount recovered through his efforts *or attorney fees awarded by the Court, whichever is greater.*" (Emphasis added.)

Thereafter, on February 2, 1983, the Commission entered its order awarding Claimant attorney's fees in the amount of 33⅓% of the benefits due the Claimant. Those benefits totaled $540 for temporary total disability benefits and approximately $950 for medical benefits. The Commission indicated that the contingency fee agreement between Claimant and her attorney, *Clark v. Sage*, 102 Idaho 261, 629 P.2d 657 (1981), placed the Commission under the duty of determining a reasonable fee solely on a contingency basis. It is from the Commission's order of February 2, 1983, regarding the proper award of attorney's fees to claimant, that the present appeal has been brought.

Respondents argue, and the Commission apparently decided, that the present case is controlled by this Court's opinion in *Clark, supra.* *Clark* involved a contingent fee agreement in effect between the claimant and his attorney. After the Industrial Commission found that the employer contested the employee's claim without reasonable grounds, the issue on appeal narrowed solely to whether attorney's fees should be awarded on the basis of the contingency fee agreement itself or, as the Industrial Commission had decided, on customary considerations of the time and effort involved.

The *Clark* Court reversed the award of the Industrial Commission "in order to effectuate the intent of the claimant and his attorney concerning the question of compensation." *Id.* at 265, 629 P.2d 657. After noting that such awards of attorney's fees are "said to be compensatory," *id.* at 263, 629 P.2d 657, and that "a contingent fee is like any other fee and is subject to the same standards of reasonableness as any other fee," *id.*, at 265, 629 P.2d 657, the Court stated the following:

"In determining a reasonable attorney fee on a contingency basis, the Industrial Commission must therefore engage in a balancing process. By no means exhaustive, the following factors have been held to be relevant for consideration by the courts and/or administrative agencies in determining a reasonable fee on a contingency basis: (1) the anticipated time and labor required to perform the legal services properly; (2) the novelty and difficulty of the legal issues involved in the matter; (3) the fees customarily charged for similar legal services; (4) the possible total recovery if successful; (5) the time limitations imposed by the client or circumstances of the case; (6) the nature and length of the attorney-client relationship; (7) the experience, skill and reputation of the attorney; (8) the ability of the client to pay for the legal services to be rendered; and (9) the risk of no recovery. [Citations omitted.] Obviously, there is no precise way to quantify many of these factors, particularly since the Industrial Commission will be examining the matter

at the conclusion of the claimant's prosecution of his claim and assessing the award of attorney fees from the vantage point of when the parties agreed to compensation on a contingency basis. And although the background and experience of the Commission in awarding attorney fees under I.C. § 72–804 should not be disregarded, the Commission should have the benefit of appropriate evidence where the amount to be awarded, as in this case, is in dispute."

*Id.* at 265–66, 629 P.2d 657.

Respondent now argues that because the Industrial Commission considered the contract and expressly found that "the 33⅓ percent contingent fee agreement entered into by the parties was a reasonable fee," R., p. 37, appellant is limited thereto under *Clark,* and may not legitimately seek an award of attorney's fees exceeding that amount.

It is the view of this Court, however, that a careful reading of our opinion in *Clark* clearly reveals that the Court's reasoning was inextricably linked to the fact that claimant and his attorney had agreed to payment *solely* on a contingency basis:

"*Given that the claimant and his former attorney entered into a contingent fee agreement,* the Commission is under a duty to determine what would be a reasonable attorney fee on a contingency basis. *This obligation necessarily arises from the fact that the intent of the claimant and his former attorney was for the attorney to be paid on a contingent fee basis.*"

*Clark, supra,* at 264, 629 P.2d 657 (emphasis added).

In the present case, however, it is apparent that the parties contemplated a different type of fee agreement than that utilized in *Clark, supra.* The agreement in effect between the claimant and his attorney expressly provided that the contingency fee agreement would govern *only* if the Industrial Commission were not itself to award an attorney's fee greater than one-third of the award made to the claimant. In *Clark,*

the Court was faced with a clear statement of the parties' intentions, i.e., that the attorney would collect as his fee one-third of the claimant's award. In the present case, the Court confronts an equally clear, *though different,* intent by the parties. Because *Clark* expressly relied upon the intent of claimant and his attorney in entering into their fee agreement, and that intent is clearly different from the intent present in the case at bar, we feel that *Clark* does not adequately dispose of the question before us. Accordingly, because the Commission evidently felt itself bound by our decision in *Clark,* we reverse and remand for further proceedings consistent with the directions set out below.

The awarding of attorney's fees in workmen's compensation claims is addressed by I.C. § 72–804:

> "**Attorney's fees—Punitive costs in certain cases.**—If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, ... *the employer shall pay reasonable attorney fees in addition to the compensation provided by this law.* In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission." (Emphasis added.)

In the present case, therefore, our inquiry is limited to discerning what is meant by "reasonable" in the context of attorney's fees awarded pursuant to a fee agreement of the sort involved here.

It is clear that our prior cases, in struggling with this question, have looked to the agreement in effect between the claimant and his attorney as an indication of what a reasonable fee would be under the circumstances. *See, e.g., Clark, supra; Shea v. Bader,* 102 Idaho 697, 638 P.2d 894 (1981); *Mayo v. Safeway Stores, Inc.,* 93 Idaho 161, 457 P.2d 400 (1969). However, it is likewise clear that such an agreement, though persuasive evidence, is not itself dispositive,[1] but rather must be considered in conjunction with the factors cited in *Clark, supra,* 102 Idaho at 265–66, 629 P.2d 657, in order to determine whether the fee provided above is reasonable under all the circumstances. At least in the presence of a clause such as that contained in the agreement at bar, we believe that the Commission must consider other factors as well.

The first of these additional factors is the policy of the legislature in providing for the award of attorney's fees. As Mr. Berger stated in his article, *supra,* with regard to the provision for attorney's fees in Title II of the Civil Rights Act of 1964:

> "When applying these attorneys' fee statutes, the Supreme Court has emphasized that their purpose is to encourage full enforcement of the underlying statutory duties by assuring that, as a practical matter, the private remedy for violation of those duties will be available to aggrieved persons.
>
> . . . .
>
> "In short, statutory attorneys' fee provisions are intended to achieve the fullest possible enforcement of the ... policy embodied in the underlying statutory scheme. Reasonable attorneys' fees un-

---

1. One scholar, Samuel Berger, in a widely-cited study of this area, has addressed this question of reasonableness in attorney's fee awards. Mr. Berger stresses the ultimate responsibility of judicial tribunals in making this determination—a determination which may not be abdicated in favor of a prior agreement made between the claimant and his attorney. All such agreements must be subjected to judicial scrutiny:

> "Under either equitable or statutory rationales for fee awards, the amount the client

agreed to pay the attorney does not necessarily determine what others should be compelled to pay by the court. The statutes that authorize a court to award attorney's fees between parties prescribe that 'reasonable' fees shall be taxed. What constitutes a reasonable fee may be more or less than the client is obligated to pay the attorney. It is a determination that must be made by the court."

Berger, Court Awarded Attorneys' Fees: What is "Reasonable"?, 126 U.Pa.L.Rev. 281, 282 (1977).

der these statutes are those which will best achieve that purpose."

Berger, *supra*, 126 U.Pa.L.Rev. at 310 (1977).

■ We agree with this view and note its especial relevance to the case at bar. The purpose of enacting the Workmen's Compensation laws in Idaho was to provide sure relief for injured workers and their dependents. *McNeil v. Panhandle Lumber Co.*, 34 Idaho 773, 203 P. 1068 (1921); I.C. § 72–201. It is our view that, in providing for the payment of attorney's fees in certain cases, the legislature sought to further this purpose in several ways: First, the legislature sought to encourage claimants to press claims which, but for such provision, would not be worth their time and effort once the costs of hiring an attorney had been deducted from the award. In this vein, we noted in *Clark, supra*, 102 Idaho at 263, 629 P.2d 657, that "[t]he award is said to be compensatory, the underlying rationale being that the claimant should not have his benefits lessened by legal expenses incurred as a result of the employer's and his surety's unwarranted conduct in refusing or delaying compensation of an otherwise compensable claim. *Mayo v. Safeway Stores, Inc.*, 93 Idaho 161, 457 P.2d 400 (1969)."

Second, we believe that the legislature meant to encourage attorneys to represent clients and take on claims which would otherwise not be in their best financial interests due to their relative financial insignificance. In this way, an attorney might represent a claimant in a claim which the attorney believes to have been unreasonably contested by the employer despite the fact that such claim may be worth only an amount which may well be exceeded by the attorney's fees of pursuing the claim.[2] It is our belief that this legislative intention to insure adequate representation and claim prosecution requires the award of *reasonable* attorney's fees. Were the fees of attorneys to be kept artificially low, i.e., below market value on a per hour basis, the result would be a migration of legal talent away from this crucial area and a chilling effect on the ability of claimants to obtain representation. As the Supreme Court of New Mexico stated in *Herndon v. Albuquerque Public Schools*, 92 N.M. 287, 587 P.2d 434, 435 (1978):

> "If attorneys are denied fees for work prosecuted on behalf of an injured workman, there would be a chilling effect upon the ability of an injured party to obtain adequate representation. Through their insurance companies, employers regularly obtain exceptional and well-qualified counsel to defend them in such cases. It is imperative that courts foster and protect the ability of an injured workman to obtain counsel of his choice. We must avoid a policy or a practice which would discourage [such] representation...."

*See also Jennings v. Gabaldon*, 97 N.M. 416, 640 P.2d 522 (N.M.App.1982); *Dobbins v. Liberty Mutual Insurance Co.*, 280 So.2d 582 (La.App.1973).

■ It is our view that a fee arrangement such as the one under consideration does not limit the Industrial Commission to the terms of the contingency fee in its award of reasonable attorney's fees. Such a limitation would, in the present context, frustrate the representation element of I.C. § 72–804 by restricting the ability of injured claimants to retain competent counsel. Therefore, we hold that, in awarding

---

**2.** We note in passing that, traditionally, the contingency fee arrangement has been treated as the method by which relatively poor claimants may obtain representation. In such an arrangement, the client pays the attorney a percentage of his award, with no fee owing in the event of nonrecovery. However, if the total award sought is relatively small then *no* percentage award, regardless how high, could adequately remunerate the attorney for the value of his services in pursuing the claim—even if attorney's fees were to be awarded. Alternatively, if the attorney was to charge for his services by the hour on a set basis, the less affluent claimants would be prevented from availing themselves of his services by the fear or certainty that no award of attorney's fees would be made by the Commission, thereby leaving them with no net gain or even a net loss for their efforts. This is the Catch-22 situation which the present fee arrangement was designed to circumvent.

reasonable attorneys' fees pursuant to I.C. § 72–804, the Industrial Commission need not be constrained by the contingent fee agreement in effect between the claimant and his attorney in the presence of a clause providing for the alternative of awarded attorney's fees. In such a case, as in the case of all awards of attorney's fees, the Commission must arrive at a reasonable award considering not only the *Clark* factors cited *supra,* but the legislative intent behind the Workmen's Compensation laws and I.C. § 72–804 as construed by this Court today.

Reversed and remanded to the Industrial Commission. Costs to appellant. Each party to bear its own attorney's fees on appeal.

DONALDSON, C.J., and HUNTLEY, J., concur.

SHEPARD, Justice, dissenting.

I dissent from the majority opinion, since I view it as an invasion of the fact finding process of the Industrial Commission and because I believe it inappropriately establishes a new standard for the award of attorney's fees.

As noted by the majority, claimant was injured in what the commission determined was a compensable accident under the Workmen's Compensation Law. In response to claimant's application for hearing, counsel for surety wrote claimant's counsel, "I can cite cases from other jurisdictions that are closer on the facts if we go to hearing but, frankly, I would rather settle the case by a reasonable compromise. Your demand of $5,000 to lump this out is just too much." Following hearing, the commission found the injury to be a compensable accident, awarded claimant approximately $1,500, and held that there had been an unreasonable denial of the claim by the surety, warranting an award of attorney's fees.

Counsel for claimant had a fee agreement providing, "If a lawsuit is instituted, 33⅓ per cent of any amount recovered through his efforts or attorney's fees

awarded by the court, whichever is greater." Counsel for claimant contended at the commission and contends here that attorney's fees should be awarded in the amount of $3,272.50.

Under the fee agreement between claimant and her counsel, the commission then had the option of awarding 33⅓ per cent of claimant's recovery or any other sum it deemed reasonable to claimant as attorney's fees. I find nothing in the decision of the commission indicating it felt bound to award only 33⅓ per cent of claimant's recovery as attorney's fees. Rather, the commission stated: "The commission also observes that the issues involved in the matter did not involve any novel or difficult issues." While we are not favored with a reporter's transcript, the findings of fact and the award by the referee indicate the hearing was relatively brief, taking less than one day. Rather than speculating that the commission felt bound to award only 33⅓ per cent of claimant's award as attorney's fees, I prefer to note that the commission ordered, "Claimant's counsel is ordered to submit an affidavit of services rendered so the commission can *set the appropriate amount of attorney's fees.*" The commission thereafter stated, "Having reviewed all of the post decision memoranda and affidavits submitted by the attorneys of record in the case, the commission enters the following order fixing the amount of attorney's fees due in this matter." The commission thereafter found that the 33⅓ per cent contingent fee agreement entered into by the parties was a reasonable fee. Although not expressly stated, I believe the commission could have well believed that the case should have been settled rather than litigated or that the time claimed to have been expended by claimant's counsel was unreasonable, in view of the simple issues presented and the brevity of the hearing, or both. In any event, there can be no quarrel but that the commission awarded what it considered to be a reasonable attorney's fee. In the absence of a manifest abuse of discretion, I believe the setting of such a fee to be a function of the commission rather than this

Court, and I would not disturb the commission's finding and its decision. Personally, I probably would have awarded a larger fee, but I am not the commission.

I would note that the Industrial Commission has not been reluctant to assess attorney's fees against a recalcitrant surety who unreasonably denied compensation payment. Nor have I observed that injured workmen have had difficulty pursuing meritorious claims. As noted by the commission in the instant case, this Court has continued to hold, *Clark v. Sage*, 102 Idaho 261, 629 P.2d 657 (1981), *Maile v. Safeway Stores, Inc.*, 93 Idaho 61, 457 P.2d 400 (1969), that the award of attorney's fees under the instant circumstances was not punitive, but compensatory, as making the claimant whole and providing sure and certain relief for injured workmen and their families and dependents.

I would affirm the decision of the Industrial Commission.

BAKES, J., concurs.