29 P.3d 385

Bonnie SWETT, Claimant,

and

Wm. Breck Seiniger, Jr., Real Party
in Interest–Appellant,

v.

ST. ALPHONSUS REGIONAL MEDICAL
CENTER, Employer, and Continental
Casualty Company, Surety, Defendants–
Respondents.

No. 26216.

Supreme Court of Idaho,
Boise, February 2001 Term.

May 11, 2001.
Rehearing Denied Aug. 9, 2001.

Stephen J. Lord, for real party in interest Wm. Breck Seiniger.

Cantrill, Skinner, Sullivan & King, Boise, for respondents. Frank Kotyk argued.

EISMANN, Justice.

Wm. Breck Seiniger, Jr., as the real party in interest, appeals the award of attorney fees made to his client Bonnie Swett by the Industrial Commission. We affirm the award.

## I.

## FACTS AND PROCEDURAL HISTORY

The claimant Bonnie Swett was injured while working for the St. Alphonsus Regional Medical Center. She filed a claim under the Worker's Compensation Act, and, after an evidentiary hearing, the Industrial Commission issued an order awarding her benefits and granting her attorney fees against the employer pursuant to Idaho Code § 72–804.[1] The Commission ordered that if the parties

---

1. Idaho Code § 72–804 provides as follows:

    If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

could not agree upon the amount of the attorney fees, the Claimant could file a memorandum of attorney fees and supporting affidavit within twenty-one days; that within fourteen days of the filing of those documents, Respondents could file a memorandum in response; and that Claimant would then have seven days within which to file a reply memorandum.

Claimant's counsel Breck Seiniger filed his affidavit stating that he represented claimant under a contingent fee agreement, but he requested an award totaling $15,820.50 based upon hourly rates for attorney, paralegal, and secretarial time. Attached to the affidavit was a detailed itemization of the attorney, paralegal, and secretarial time spent in representing Claimant. The respondents St. Alphonsus Regional Medical Center and Continental Casualty Company (herein collectively called Surety) filed a memorandum objecting to the inclusion of paralegal and secretarial time in an award of attorney fees, to specific entries for attorney time, and to the hourly rate claimed for attorney time. The Surety also asked the Industrial Commission to consider that Claimant did not prevail on the major issue in dispute—whether Claimant was entitled to permanent partial disability in excess of her permanent impairment. Claimant did not file a memorandum in reply to the Surety's objections and arguments.

After considering the documents submitted, the Industrial Commission awarded the Claimant attorney fees in an amount equal to 30% of the benefits awarded. Claimant filed a motion for reconsideration and demand for a hearing regarding the amount of the attorney fees. The Commission denied the motion for reconsideration and re-affirmed the award of attorney fees in an amount equal to 30% of the benefits awarded. Seiniger then filed a notice of appeal, stating that he was the real party in interest.

## II.

### STANDARD OF REVIEW

■ This Court's review on appeal from a decision by the Industrial Commission is limited to questions of law and an ascertainment of whether the Commission's factual findings are based on substantial competent evidence. *Curr v. Curr,* 124 Idaho 686, 864 P.2d 132 (1993).

## III.

### ISSUES ON APPEAL

1. Was the Industrial Commission required to have a formal evidentiary hearing before deciding the amount to award in attorney fees?

2. Did the Industrial Commission err in awarding attorney's fees based upon a percentage of the benefits awarded rather than upon the time spent by Claimant's counsel?

3. Was the Industrial Commission's award of attorney fees arbitrary and capricious?

## IV.

### ANALYSIS

1. **Was the Industrial Commission required to have a formal evidentiary hearing before deciding the amount to award in attorney fees?**

■ Seiniger first argues that the Due Process Clause of the Constitution of the United States mandates that he be given a formal hearing before the Industrial Commission determines the amount of attorney fees to be awarded under Idaho Code § 72–804. Procedural due process requires that a party be provided with an opportunity to be heard at a meaningful time and in a meaningful manner. *Paul v. Board of Professional Discipline of the Idaho State Board of Medicine,* 134 Idaho 838, 11 P.3d 34 (2000). "[D]ue process is not a concept rigidly applied to every adversarial confrontation, but instead is a flexible concept calling for such procedural protections as are warranted by the situation." *Id.* at 843–44, 11 P.3d at 39–40. It does not require a full evidentiary hearing and the right to be heard in person in all instances. *Matter of Wilson,* 128 Idaho 161, 167, 911 P.2d 754, 760 (1996).

■ In this case, the Industrial Commission provided Seiniger with an opportunity to present affidavits and written argument on

the issue of what would be a reasonable attorney fee, including responding to any objections raised by the Surety. The Surety did not submit any affidavits in opposition to Seiniger's attorney fees claim, so there were no conflicting facts to be resolved by the Commission. Because Seiniger was given an opportunity to be heard at a meaningful time and in a meaningful manner, the procedure used by the Industrial Commission did not deprive Seiniger of due process of law. *Matter of Wilson*, 128 Idaho 161, 167, 911 P.2d 754, 760 (1996).

■ Seiniger next argues that the resolution of the amount of attorney fees was a "contested case" under Idaho Code § 67–5240 and that the Industrial Commission failed to comply with the procedures required by Idaho Code §§ 67–5241(3) and 67–5242 when resolving contested cases under the Idaho Administrative Procedures Act. Idaho Code § 67–5240 provides:

A proceeding by an agency, **other than the public utilities commission or the industrial commission**, that may result in the issuance of an order is a contested case and is governed by the provisions of this chapter, except as provided by other provisions of law. (Emphasis added)

The statute clearly provides that proceedings before the Industrial Commission are not "contested cases" under the Idaho Administrative Procedures Act. Therefore, the Industrial Commission was not required to comply with Idaho Code §§ 67–5241(3) and 67–5242.

■ Finally, Seiniger argues that Idaho Code § 72–712 required a formal adversarial hearing to resolve the issue of attorney fees. Under the circumstances of this case, the Industrial Commission's failure to accord Seiniger a full evidentiary hearing to determine the amount of a reasonable attorney fee was not inconsistent with Idaho Code § 72–712. *In re Wilson*, 128 Idaho 161, 911 P.2d 754 (1996).

2. The rule provides, insofar as is relevant, as follows:

**033. RULE GOVERNING APPROVAL OF ATTORNEY FEES IN WORKERS' COMPENSATION CASES.**

**2. Did the Industrial Commission err in awarding attorney's fees based upon a percentage of the benefits awarded rather than upon the time spent by Claimant's counsel?**

■ In its initial order awarding attorney fees, the Industrial Commission relied upon IDAPA 17.02.08 as governing the awarding of attorney fees in this case. The Commission stated as follows:

The Commission has adopted rules governing attorneys fees for workers' compensation cases. *See,* IDAPA 17.02.08. These Rules define reasonable fees as thirty percent of the available funds in the case in which a hearing has been held and briefs submitted, as was the case here. Claimant is therefore entitled the sum of thirty percent of the benefits awarded as reasonable attorney fees.

That rule, by its terms,[2] applies to the approval of attorney fees under Idaho Code § 72–803, not to the awarding of attorney fees under Idaho Code § 72–804. In its order denying Seiniger's request for reconsideration of the attorney fee award and for a formal hearing on the issue, however, the Industrial Commission reevaluated the attorney fee award, stating as follows:

Claimant contends the August 6, 1999, Order Awarding Attorney Fees is not reasonable under the circumstances of the case, and the Commission failed to complete the proper analysis required under Idaho Code § 72–804 and the applicable case law. The Commission fully considered *Hogaboom v. Economy Mattress*, 107 Idaho 13 [684 P.2d 990] (1971)[ (1984) ], in addition to all facts and circumstances available. Claimant's affidavit in support of attorney's fees is a list of all the work performed by Claimant's counsel. It failed to offer a final sum, which would represent the attorney's efforts toward attaining the TTDs. Furthermore, the Commission found that the fees agreed to by the Claimant and her counsel were based on a con-

**01. Authority And Definitions.** Pursuant to Sections 72–404, 72–508, 72–707, 72–735 and 72–803, Idaho Code, the Commission promulgates this rule to govern the approval of attorney fees.

tingency fee agreement. Although this agreement is not determinative regarding Idaho Code § 72–804, the Commission finds the information to be very relevant. The record fully supports the 30% attorney's fees awarded by the Commission. Thus, in its final order, the Commission did not rely upon IDAPA 17.02.08. Rather, it relied upon this Court's decision in *Hogaboom v. Economy Mattress*, 107 Idaho 13, 684 P.2d 990 (1984), and upon the facts and circumstances shown by the record, including the fact that Seiniger and the Claimant had entered into a contingent fee agreement. The Commission's final decision on the issue of the amount of attorney fees was not based upon IDAPA 17.02.08.

■ Idaho Code § 72–804 grants to the Industrial Commission the discretion to fix the amount of a reasonable attorney fee awarded under that statute. There is nothing in either that statute or our decisions that prevents the Commission from concluding, in the exercise of its discretion, that a reasonable attorney fee in a particular case is a percentage of the benefits awarded. Therefore, the Commission did not err in deciding to award attorney fees based upon a percentage of the benefits awarded rather than upon the time spent by Seiniger in representing the Claimant.

**3. Was the Industrial Commission's award of attorney fees arbitrary and capricious?**

■ Seiniger argues that the Industrial Commission's award was arbitrary and capricious because the Commission's order did not include an analysis of the various factors listed in *Hogaboom v. Economy Mattress*, 107 Idaho 13, 684 P.2d 990 (1984). Those factors are similar to the factors that courts are required to consider when determining the amount to award in attorney fees. I.R.C.P. 54(e)(3). Although a court when awarding attorney fees is required to consider the factors listed in Rule 54(e)(3), it need not specifically address each factor, nor need it make specific findings showing how each factor entered into its decision. *Perkins v. U.S. Transformer West*, 132 Idaho 427, 974 P.2d 73 (1999); *Brinkman v. Aid Insurance*

*Company*, 115 Idaho 346, 766 P.2d 1227 (1988). Likewise, although the Industrial Commission must consider the factors listed in the *Hogaboom* case along with any other relevant factors when fixing the amount of attorney fees to be awarded under Idaho Code § 72–804, the Commission is not required to specifically address each factor, nor is it required to make specific findings showing how each factor entered into its decision.

■ In this case, Seiniger represented the Claimant under a contingent fee agreement, although he did not make the terms of that agreement a part of the record. In its final order, the Industrial Commission stated that it had considered the *Hogaboom* case, the fact that Seiniger was representing the Claimant under a contingent fee agreement, and all facts and circumstances available to the Commission. It then concluded that a reasonable attorney fee was 30% of the benefits awarded to the claimant. The Industrial Commission's decision was not arbitrary and capricious.

## V.

## CONCLUSION

The procedures adopted by the Industrial Commission for determining what would be a reasonable attorney fee in this case did not violate either the Due Process Clause or Idaho Code § 72–712. The Commission's determination of what would be a reasonable attorney fee in this case is supported by substantial and competent evidence. The order of the Industrial Commission is affirmed. Costs are awarded to respondents.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL concur.