# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40568

VERDENE PAGE,

    Claimant-Appellant,

v.

MCCAIN FOODS, INC., Employer, and
TRANSCONTINENTAL INSURANCE
COMPANY, Surety,

    Defendants-Respondents,

and

IDAHO INDUSTRIAL COMMISSION,

    Real Party in Interest-Respondent,

and

L. CLYEL BERRY, individually,

    Intervenor-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Twin Falls, November 2013 Term

2014 Opinion No. 1

Filed: January 3, 2014

Stephen Kenyon, Clerk

---

Appeal from the Idaho Industrial Commission, State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

L. Clyel Berry, Twin Falls, argued for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. David B. Young argued.

---

J. JONES, Justice.

This appeal arises from a long-litigated worker's compensation case, but revolves solely around the issue of attorney fees. Claimant's counsel, L. Clyel Berry, argues that he is entitled to a 40% attorney fee award, based on a contingent fee agreement he entered into with Claimant VerDene Page. The Industrial Commission, however, awarded Berry a 30% attorney fee award pursuant to Idaho Code § 72-804, which requires an employer to pay reasonable attorney fees

1

when it unreasonably withholds compensation from an injured employee. Berry filed a timely appeal to this Court.

## I.
## FACTS AND PROCEDURAL HISTORY

This case revolves solely around the issue of reasonable attorney fees, stemming from the long-lived case of *Page v. McCain Foods*. Beginning chronologically, on April 24, 2002, the claimant, VerDene Page, and her attorney and the appellant in the instant matter, L. Clyel Berry, both signed a contingent fee agreement ("Fee Agreement"). The Fee Agreement reads in relevant part:

> Once hearing in the matter has been commenced, attorney's fees will then be equal to 30% of all benefits obtained for you by L. Clyel Berry. Following the filing of an appeal or if the matter is scheduled for rehearing, attorney's fees will then be 40% of all benefits obtained. . . . You are hereby advised that, in Idaho, attorney's fees in workers' compensation matters are regulated or governed by the Idaho State Industrial Commission and are subject to Commission approval. In workers' compensation matters, attorney's fees normally do not exceed twenty-five percent (25%) of the benefits obtained for the Claimant by his/her attorney in a case in which no hearing on the merits has been completed. In a case in which a hearing on the merits has been completed, attorney's fees then normally do not exceed thirty percent (30%) of the benefits obtained for a Claimant by his/her attorney.

Years of litigation ensued. Claimant initially sought benefits for a knee injury, and the Commission denied her claim. She appealed, and in *Page v. McCain Foods, Inc.*, 141 Idaho 342, 109 P.3d 1084 (2005) ("*Page I*"), the Court held that the Commission erred (1) in concluding that Page's claim was barred because of her alleged failure to give proper notice; and (2) in concluding that Page did not experience an "accident." *Page I*, 141 Idaho at 349, 109 P.3d at 1091. The Court then remanded the case to the Commission for further proceedings. *Id*. "On remand, the Commission awarded Page total disability and related medical care benefits through November 26, 2001 . . . a '1% whole person' permanent impairment, and . . . a 5% permanent partial disability resulting from the accident. The Commission also determined Page failed to show she qualified for 'odd-lot' status and determined she was not entitled to attorney fees for the first appeal." *Page v. McCain Foods, Inc.*, 145 Idaho 302, 305, 179 P.3d 265, 268 (2008) ("*Page II*"). Page again appealed, and in *Page II*, this Court held that the Commission's physical impairment finding was supported by substantial and competent evidence, but reversed and remanded as to the following issues: (1) the Commission's denial of Page's motion to review the

case to correct a manifest injustice; (2) the Commission's finding of apportionment of Page's permanent disability; (3) the Commission's denial of Page's motion to reconsider on the basis of timeliness; and (4) the Commission's finding that Page is not entitled to attorney fees on the first appeal pursuant to I.C. § 72-804. *Page II*, 145 Idaho at 312, 179 P.3d at 275. After the Court's holding in *Page II*, the Commission issued its September 8, 2009 Order (the "September Order") where it examined the following three issues: (1) whether the Claimant is entitled to receive medical care benefits; (2) whether the Claimant is entitled to receive temporary disability benefits; and (3) whether the Claimant is entitled to attorney fees pursuant to I.C. § 72-804.[1] The Commission ultimately held that "Claimant is entitled to medical care benefits for the treatment she received . . . following November 26, 2011, . . . temporary total disability benefits from November 26, 2001 through September 21, 2008[, and] is entitled to attorney fees."

Within the September Order and with regard to the attorney fee award, the Commission indicated that "[i]f the parties are unable to agree regarding the amount of attorney fees, Claimant's counsel shall, within twenty-one (21) days of entry of the Commission's order, file with the Commission a memorandum requesting attorney fees incurred in counsel's representation of Claimant and an affidavit in support thereof." However, Berry never submitted a memorandum or affidavit with the Commission. Instead, the parties submitted to the Commission their "Stipulation Re: Attorney Fees" ("Stipulation") on October 20, 2009. The Stipulation states:

> [T]he parties, each by and through counsel of record, pursuant to the Commission's Findings of Fact, Conclusions of Law, and Order, dated and filed September 8, 2009, and hereby stipulate that attorney fees due Claimant by and from Defendants herein pursuant to the September 8, 2009, Award shall be the sum equal to thirty (30%) percent of the value of Title 72 benefits awarded Claimant by and/or encompassed within said September 8, 2009, Findings of Fact, Conclusions of Law, and Order.

---

[1] I.C. § 72-804 provides:

> If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

3

The Commission approved the Stipulation on October 22, 2009, finding that "[t]he parties have agreed that, pursuant to the Commission's September 8, 2009 decision, Defendants will pay to Claimant attorney fees in the amount of 30% of the value of the workers' compensation benefits awarded to Claimant by the decision."

In order to satisfy the amounts owing pursuant to the September Order, and in line with the Stipulation, McCain Foods submitted three checks to Berry:

| Check 1 | $131,595.32 | Temporary disability benefits (TTD) |
|---------|-------------|-------------------------------------|
| Check 2 | $ 64,099.41 | Medical benefits |
|         | $195,693.73 | |
| Check 3 | $ 58,708.13 | Attorney fees—equaling 30% of $195,693.73 |

Rather than simply keeping Check 3 as his fee award, Berry instead added all three checks together and deducted 30% from that larger total. The end result of this unusual calculation was that instead of retaining 30% of the benefits awarded, he retained 39%. Berry then petitioned the Commission for its approval on December 30, 2009.

In its April 2010 Order Regarding Attorney Fees, (the "April Order") the Commission denied Berry's petition, finding that a 40% fee award is not reasonable. Berry subsequently filed a motion to reconsider and request for hearing; however, a hearing was not immediately held because the Claimant was receiving medical care and wished to be present at the hearing.

In the months that followed, the case settled via mediation. On October 25, 2011, the parties signed and submitted to the Commission a Stipulation and Agreement of Partial Lump Sum Discharge ("Lump Sum Agreement"). Thereafter, on November 9, 2011, the Commission entered an order approving the Lump Sum Agreement, "with the exception of a portion of the claim for attorney fees submitted by Claimant's attorney." The Commission did, however, approve a 30% attorney fee award, stating:

> The total lump sum amount is $248,750.00. Fees from that amount have been requested at 40%. Such a fee has not been substantiated to the Commission in accordance with IDAPA 17.02.08.033. The Commission has approved fees of 30% from previous benefits awarded to claimant and will do so for this settlement. Fees and costs amount to $74,625.00 and $1,871.12, respectively, for a total of $76,496.12. Thus, the surety shall pay to Claimant's attorney the sum of $76,496.12 as reasonable fees and costs.

4

The Commission also ordered that $24,875.00, "the amount of the proceeds of the Lump Sum Agreement requested for unsubstantiated attorney fees" be released by the surety to Berry, to be held in trust pending further order by the Commission.

Berry subsequently filed a Request for Calendaring Re Claimant's Counsel's Petition for Approval of Fees/Request for IDAPA 17.02.08.033.03.b Hearing. At the hearing, Berry "clarified that he was seeking an additional 10% in attorney fees from the September 2009 order, as well as an additional 10% in attorney fees from the lump sum settlement amount." In its Order dated June 21, 2012, (the "June Order") the Commission first determined that a ruling on the April 12 motion to reconsider was warranted—Berry had filed this motion, but a hearing had not been held because, as mentioned above, the Claimant wished to be present at the hearing but was undergoing medical treatment around that time. The Commission ultimately denied Berry's motion, holding that Berry was entitled only to the 30% fee award that McCain Foods had already given him in Check 3. As for whether Berry was entitled to 40% of the lump sum settlement agreement, as opposed to the already-awarded 30%, the Commission agreed with Berry, and held that he was entitled to attorney fees in the amount of 40% of $248,750.00 based on his "dogged persistence" that he maintained throughout years of litigation. Berry had already received 30% of that, which left 10%, or $24,875.00, as the remainder owed.

It was, perhaps, this same dogged persistence that led Berry to file yet another motion for reconsideration. The Commission denied this motion in its November 19, 2012 Order, (the "November Order") finding that its June Order was supported by substantial evidence.

According to the Notice of Appeal, Berry now appeals the April Order, the June Order, and the November Order. It appears as though Berry has received a total of $180,344.96 in fees throughout this litigation; this appeal is occurring because he believes he is entitled to an additional 10% fee for the benefits awarded in the September Order.

## II.
## ISSUES ON APPEAL

I. Was the Commission's attorney fee award of 30% under I.C. § 72-804 supported by substantial and competent evidence?

II. Do any Constitutional violations exist here?

III. Is Berry entitled to attorney fees on appeal?

## IV.
## DISCUSSION

**A. Standard of Review.**

5

"The standard of review of an Industrial Commission decision is twofold. This Court exercises de novo review of the Commission's legal conclusions. However, the Court will not disturb the Commission's factual findings so long as they are supported by substantial and competent evidence." *Allen v. Reynolds*, 145 Idaho 807, 811, 186 P.3d 663, 667 (2008) (internal citations omitted). "The decision that grounds exist for awarding a claimant attorney fees [under I.C. § 72-804] is a factual determination which rests with the Commission." *Poss v. Meeker Mach. Shop*, 109 Idaho 920, 926, 712 P.2d 621, 627 (1985).

**B.  The Commission's approval of a 30% attorney fee award under I.C. § 72-804 was supported by substantial and competent evidence.**

Under I.C. § 72-804, the Industrial Commission has "the discretion to fix the amount of a reasonable attorney fee awarded under that statute." *Swett v. St. Alphonsus Reg'l Med. Ctr.*, 136 Idaho 74, 78, 29 P.3d 385, 389 (2001). Idaho Code § 72-804 provides:

> If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

Fee awards pursuant to I.C. § 72-804 fall within "the exclusive jurisdiction of the Commission and the worker's compensation law." *Idaho State Ins. Fund v. Van Tine*, 132 Idaho 902, 908, 980 P.2d 566, 572 (1999). Idaho Code § 72-804 "does not allow an award of fees to be made against the claimant[,]" but only against the employer or surety. *McAlpin v. Wood River Med. Ctr.*, 129 Idaho 1, 7, 921 P.2d 178, 184 (1996); *see also Challis v. Louisiana-Pacific Corp.*, 126 Idaho 134, 138–139, 879 P.2d 597, 601–602 (1994).

This Court has held that the Commission may make an attorney fee award under I.C. § 72-804 based on a percentage of the benefits awarded to the employee, so long as the *Hogaboom* factors are considered. *Bradley v. Washington Grp. Int'l*, 141 Idaho 655, 658–59, 115 P.3d 746, 749–50 (2005) (discussing *Swett*, 136 Idaho at 78, 29 P.3d at 389).

**1.  The Commission correctly considered the *Hogaboom* factors and properly exercised its discretion in fixing a 30% fee award under I.C. § 72-804.**

6

In *Hogaboom*, this Court held:

> [I]n awarding reasonable attorneys' fees pursuant to I.C. § 72-804, the Industrial Commission need not be constrained by the contingent fee agreement in effect between the claimant and his attorney in the presence of a clause providing for the alternative of awarded attorney's fees. In such a case, as in the case of all awards of attorney's fees, the Commission must arrive at a reasonable award considering not only the *Clark* [*v. Sage*] factors cited *supra*, but the legislative intent behind the Workmen's Compensation laws and I.C. § 72-804.

*Hogaboom v. Economy Mattress*, 107 Idaho 13, 17–18, 684 P.2d 990, 994–95 (1984) (citing *Clark v. Sage*, 102 Idaho 261, 629 P.2d 657 (1981)). In determining what a reasonable fee is, a contingent fee agreement, "though persuasive evidence, is not itself dispositive, but rather must be considered in conjunction with" the following factors:

> (1) the anticipated time and labor required to perform the legal services properly; (2) the novelty and difficulty of the legal issues involved in the matter; (3) the fees customarily charged for similar legal services; (4) the possible total recovery if successful; (5) the time limitations imposed by the client or circumstances of the case; (6) the nature and length of the attorney-client relationship; (7) the experience, skill and reputation of the attorney; (8) the ability of the client to pay for the legal services to be rendered; and (9) the risk of no recovery.

*Hogaboom*, 107 Idaho at 15, 684 P.2d at 992 (quoting *Clark*, 102 Idaho at 265, 629 P.2d at 657).

Here, the Commission's decision to award a 30% attorney fee award pursuant to I.C. § 72-804 was supported by substantial and competent evidence. In its April Order, the Commission listed the *Hogaboom* factors and acknowledged that it needed to consider them. The Commission then stated:

> Having considered Mr. Berry's petition and the *Hogaboom* factors, we do not find the requested fee of 40% to be reasonable. Claimant and Defendants have stipulated to fees of 30%. . . . [W]e do not find it reasonable to approve a petition that would take a portion of the fees from Claimant's awarded benefits rather than from Defendants.

In its June Order, the Commission cited *Hogaboom* before noting "[t]he most important fact in the assessment of attorney fees . . . is that Counsel and Defendants came to an agreement as to the amount of attorney fees Defendants would pay Counsel in satisfaction of the award of [I.C. § 72-804] attorney fees." It stated further: "If Counsel wanted to argue for more than 30% in attorney fees he could have made that argument to Defendants or to the Commission at that time. . . . The Commission will not award additional attorney fees on the same benefits."

In conclusion, the record shows that the Commission considered the *Hogaboom* factors before ultimately awarding the 30% fee. Because the Commission properly considered

7

*Hogaboom*, and because Berry stipulated to a 30% attorney fee award, we find that the Commission's determination was supported by substantial, competent evidence.

> **2.      A fee agreement does not guarantee a certain attorney fee award, and an attorney fee award is not a "benefit."**

Berry also argues that (1) without the Stipulation he undoubtedly would have been awarded a 40% attorney fee award; and (2) the fee award is a "benefit obtained on appeal" that should be lumped in with the other benefits before he takes his cut.

Berry's argument that he undoubtedly would have been awarded a 40% attorney fee award without the Stipulation does not hold water because his own Fee Agreement even recognizes that the Commission has the final word with regard to attorney fee awards:

> [I]n Idaho, attorney's fees in workers' compensation matters are regulated or governed by the Idaho State Industrial Commission and are subject to Commission approval. . . . In a case in which a hearing on the merits has been completed, attorney's fees then normally do not exceed thirty percent (30%) of the benefits obtained for a Claimant by his/her attorney.

From the outset, then, Berry and his client knew that, ultimately, the fees they agreed upon would be subject to the Commission's approval. Even if Berry did not stipulate to the 30% fee award, it does not necessarily follow that he automatically would have been awarded 40% based on the Fee Agreement.

Berry also asserts that an attorney fee award constitutes a "benefit" obtained on appeal, and as such, he should be permitted to add that attorney fee award to the pot of other benefits awarded—here, TTD and medical—before calculating his percentage. Berry instituted this calculation scheme after the September Order, when McCain Foods issued him three checks: the first for medical benefits, the second for temporary disability, and the third for attorney fees. Rather than simply accepting the third check as his award, Berry added all three checks together and then took 30% of that. Berry's calculation resulted in a fee award not of 30%, but of 39%. The Commission held that Berry had miscalculated, stating that "[a]ttorney fees granted after an unreasonable denial are just that, attorney fees granted to pay the attorney so that a claimant does not have to carry the additional burden of paying attorney fees from the benefits claimant receives."

This determination by the Commission was proper. Looking to its plain language, Section 804 provides that "the employer shall pay reasonable attorney fees *in addition to the compensation* provided by this law." I.C. § 72-804 (emphasis added). Thus, "attorney fees" and

"compensation" are not one and the same. Rather, "compensation" is defined as "any or all of the income benefits and the medical and related benefits and medical services." I.C. § 72-102. "Income benefits" are defined in I.C. § 72-102(16); "medical and related benefits" are defined in I.C. § 72-102(20); and "medical services" are defined in I.C. § 72-102(21). None of these definitions can be construed to include "attorney fees." Instead, an employer must pay attorney fees, plus any benefits that are owed. The statute's plain, unambiguous language precludes any interpretation that would allow "compensation" to include "attorney fees": a fee award under Section 804 is simply not a "benefit."

### 3. The Commission did not err in considering Berry's petition for attorney fees under I.C. § 72-804, as opposed to I.C. § 72-803.

Berry asserts that "[i]t was error for the Commission to consider the Petition for Approval of Fees upon the basis of I.C. § 72-804. Rather, the Commission should have considered the Petition upon the basis of I.C. § 72-803." To understand why this argument is a classic example of "too little, too late," a brief review of the case's lengthy procedural history is helpful.

In *Page II*, this Court remanded several issues to the Commission, and also held that the Commission's decision that Claimant was not entitled to attorney fees pursuant to I.C. 72-804 was not supported by substantial, competent evidence. *Page II*, 145 Idaho at 311–12, 179 P.3d 265, 274–75. The Commission's resulting order, the September Order, listed one of the remaining issues as "[w]hether and to what extent Claimant is entitled to attorney fees pursuant to [I.C.] § 72-804." In the September Order, the Commission awarded attorney fees pursuant to I.C. § 72-804. Additionally, in that same order, the Commission indicated that Berry could, within twenty-one days, submit a memorandum and affidavit requesting attorney fees. He did not do so. Instead, on October 20, which was after the twenty-one days were up, he stipulated to a 30% fee award, and that stipulation was approved by the Commission on October 22, 2009. It was only after all of that that Berry—for the first time—brought up an attorney fee award pursuant to I.C. § 72-803. Indeed, it was not until December 30, 2009, that Berry filed a petition for approval of fees pursuant to I.C. § 72-803. The Commission subsequently entered its April Order, holding that a 40% fee award was not reasonable under I.C. § 72-804, but did not analyze I.C. § 72-803. Berry filed a motion to reconsider, arguing that the Commission erred by failing to analyze his petition under I.C. § 72-803. The Commission eventually held a hearing on the matter, on April 10, 2012, and in denying Berry's motion it noted that, while instructive, "the

9

contingent fee agreement is not determinative of the fees to be awarded by the Commission in an award of Idaho Code § 72-804 attorney fees or Idaho Code § 72-803."

The record indicates that this is, and has been throughout, an I.C. § 72-804 case. Berry had ample opportunity to raise an attorney fee claim pursuant to I.C. § 72-803 early on, and, at the latest, should have done so within twenty-one days after the September Order was issued, when the Commission gave him the opportunity to submit a memorandum and accompanying affidavit requesting attorney fees. Because Berry instead stipulated to an attorney fee award under I.C. § 72-804, we hold that he may not also recover attorney fees under I.C. § 72-803 for work that has already been paid for by the employer under I.C. § 72-804.

Our holding does not preclude the possibility that an attorney may be awarded attorney fees under both I.C. § 72-803 and I.C. § 72-804 for separate work. Here, however, Berry sought fees under both provisions for the same work and on the same benefits. While we do find that the Commission's fee award was supported by substantial, competent evidence, it must be noted that Berry did make extraordinary efforts on behalf of his client, and for that he is to be commended.

### C.    Berry's constitutional arguments are without merit.

Berry raises two constitutional arguments on appeal. He first argues that he had a property interest in the 40% fee he was to receive under the Fee Agreement following the filing of an appeal and that he was deprived of 10% of that fee without due process because the Commission "had not enacted guidelines, clear or otherwise, regarding attorney's fees in Title 72 matters following appeals or upon rehearing." Berry further claims that by refusing "to approve a Claimant's attorney's fee upon the value of an I.C. § 72-804 award," the Commission violated "the equal protection clauses of the Idaho and United States Constitutions; the Contract Clause of the United States Constitution; and, the Fourteenth Amendment to the United States Constitution, together with Article 1, Section 13, of the Idaho Constitution." We find no merit in either argument.

In support of his first argument, Berry cites *Curr v. Curr*, 124 Idaho 686, 864 P.2d 132 (1993) for the proposition that the Commission must "at a minimum . . . formally publish clear guidelines upon which it will base . . . fee modifications in order to eliminate any latent arbitrariness." *Id.* at 692, 864 P.2d at 138. The foregoing statement was part of this Court's explanation that a claimant's attorney was entitled to procedural due process before the Commission could reduce the amount of the fee contracted between the attorney and his client.

*Id.* The Court disapproved the Commission's *sua sponte* reduction of contracted attorney fees of several attorneys, including Berry, without "suitable advance notice to all of the parties directly involved, accomplished through properly enacted regulations, and without a meaningful hearing." *Id.* The Commission had failed to make findings supporting the order reducing attorney fees until the attorneys appealed to this Court two months later. *Id.* at 690, 864 P.2d at 136. "The findings were generated after the order in an attempt to justify the earlier conclusions." *Id.* at 691, 864 P.2d at 137. The Commission did not have a duly enacted regulation at the time and acted under a "letter of understanding." *Id.* The Court stated, "[w]ithout clear guidelines nestled in appropriately promulgated regulations, attorneys' actions are plagued by doubt. . ." *Id.*

*Curr* provides no support for Berry in this case. Here, the Commission acted pursuant to a properly adopted regulation, IDAPA 17.02.08.033. Among other things, the rule provides that in a case where a hearing has been held and briefs submitted, a fee of "thirty percent (30%) of available funds shall be presumed reasonable." IDAPA 17.02.08.033.01.e.ii. The rule further provides that a proponent of a fee greater than that percentage "shall have the burden of establishing by clear and convincing evidence entitlement to the greater fee." IDAPA 17.02.08.033.03.d.

The *Curr* decision was based on fee agreements that were modified by the Commission acting without a promulgated regulation. However, after those agreements were made, and "prompted by a major concern that fees charged by claimants' attorneys in workers' compensation cases were unduly high, the Commission published a draft of formal regulations which proposed mandatory attorney fee guidelines." *Rhodes v. Industrial Commission,* 125 Idaho 139, 140, 868 P.2d 467, 468 (1993). The Commission adopted such a regulation, the predecessor of IDAPA 17.02.08.033, and the Court upheld the same against equal protection and due process challenges. *Rhodes*, 125 Idaho at 142, 868 P.2d at 470. The Court observed that "[t]he regulation satisfies due process analysis under the" United States and Idaho constitutions. *Id.*

Furthermore, in *Seiniger Law Offices, P.A. v. State*, 154 Idaho 461, 299 P.3d 773 (2013), the Court observed that the claimant's attorney "admits that the Commission has the authority, as we have held, to determine what is a reasonable contingent attorney fee for representing claimants in worker's compensation cases." 154 Idaho at 467, 299 P.3d at 779. In that case we turned away a number of constitutional challenges to the Commission's current attorney fee regulation, noting that the challenge in *Curr* was successful because the attorneys had been

11

denied procedural due process, while the attorney in *Seiniger* had received procedural due process under the regulation. *Id.* at 468−69, 299 P.3d at 780−81. We noted in *Seiniger* that "the challenged rule was in effect prior to the execution of the fee agreement . . . and Seiniger was given notice and an opportunity for a hearing before the Commission ruled as to the reasonableness of the attorney fees claimed." *Id.* at 469, 299 P.3d at 781. That statement applies equally here.

The Commission's regulation is not defective simply because it does not contain a guideline for every potential action taken by an attorney in worker's compensation litigation. The regulation merely sets a presumptively reasonable fee of 25% when there is no hearing on the merits and 30% where a hearing has been held and briefs submitted or waived. IDAPA 17.02.08.033.01.e. The Commission clearly has discretionary authority to consider a variety of factors and determine a reasonable attorney fee, either at the presumptive 30%, or for a lesser or greater amount. In this case, the Commission determined that a 30% fee award under I.C. § 72-804 was reasonable for the work performed up to the time of the September Order and declined to approve a fee award under I.C. § 72-803 in excess of that amount. Berry did not point to any work that was done prior to the September Order that was not compensated by that award. He could possibly have made the case for an additional amount if he had provided clear and convincing evidence to that effect but it does not appear from the record that he did so.

Berry's second constitutional argument—that the Commission erred in failing to award him an attorney fee on the I.C. § 72-804 fee award—is also without merit. It might first be noted that the Fee Agreement provides that Berry's contingency fee will be calculated based on "benefits obtained for [Page] by L. Clyel Berry." As shown above, nothing in Title 72 defines an attorney fee award, whether under I.C. § 72-804, or otherwise, as a "benefit." Berry points to no case decided by this Court, either under the Worker's Compensation Act or otherwise, where a contingency fee is calculated upon another fee award. On the surface, this certainly appears to be a form of double dipping. In any event, Berry fails to provide any convincing constitutional argument in favor of his claim.

He does argue that it is a violation of equal protection to regulate the fees charged by claimants' attorneys, while leaving the fees charged by defendants' attorneys completely unregulated. However, I.C. § 72-803 applies only to claimants' attorneys. The Legislature has not seen fit to regulate fees charged by defendants' attorneys. The motivation for focusing on

12

claimants' attorneys was, as noted in the *Rhodes* case, that payment of a larger fee for the attorney out of a benefit award, results in a lesser benefit for the injured worker. The same does not apply in the context of fees paid by defendants to their attorneys. The Court is aware that attorneys representing worker compensation defendants do not work on a contingency basis, as claimants' attorneys generally do. "The Supreme Court of the United States has consistently held that the Equal Protection Clause does not prohibit states from treating different classes of people differently." *Credit Bureau of E. Idaho, Inc. v. Lecheminant*, 149 Idaho 467, 470, 235 P.3d 1188, 1191 (2010). It is fairly obvious that claimants' attorneys and defendants' attorneys are subject to different treatment, being different categories. "[W]hen faced with a constitutional challenge, this Court makes every presumption in favor of the constitutionality of the challenged regulation, and the burden of establishing unconstitutionality rests upon the challengers." *Rhodes*, 125 Idaho at 142, 868 P.2d at 470. Like the attorney in *Rhodes*, Berry has "failed to show how the regulation violates the equal protection clause of the constitution of the United States or art. I, § 2 of the Idaho constitution." *Id.*

### D. Berry is not entitled to attorney fees on appeal.

In his plea for attorney fees pursuant to the "Private Attorney General Doctrine and/or Idaho Code § 12-117(1)[,]" Berry candidly acknowledges that this Court has previously held that attorney fees on appeal in worker's compensation cases are not available under either theory. The Court indeed so held in *Curr*. 124 Idaho at 694, 864 P.2d at 140. He asks that we revisit the issue but we find no ground for doing so. In any event, Berry is not the prevailing party.

## IV.
## CONCLUSION

We affirm the Commission's fee award in the September Order. Costs to the Commission on appeal.

Chief Justice BURDICK, and Justices EISMANN, HORTON, and Justice Pro Tem SCHROEDER CONCUR.

13